571 P.2d 1111 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Theodore D. GRANT, Defendant-Appellant.
No. 76-085.
Colorado Court of Appeals, Div. I.
September 8, 1977.
Rehearing Denied September 22, 1977.
*1113 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Dorian E. Welch, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant Grant was convicted, following a jury trial, of felony murder, aggravated robbery, and second degree assault. Contending that (1) prior inconsistent statement of a witness were erroneously admitted, (2) he was denied his right to effective assistance of counsel by his attorney's failure to interview one of the victims prior to his death, (3) he was improperly convicted of the assault charge, and (4) the evidence is insufficient to support his remaining convictions, defendant appeals. We affirm.
On the evening of October 5, 1974, shortly prior to the crimes at issue, a man with a nylon stocking over his head appeared at the door of a Denver service station for the apparent purpose of robbing the station. Upon discovering the service station was attended by two men, however, the would-be robber discarded the stocking and fled.
The attendants immediately flagged a police car. While conversing with the attendants, the patrolmen heard several gunshots coming from the direction in which the robbery suspect had fled. As the officers drove away, they saw the defendant, a black man fitting the description of the suspect, coming out of an alley and approaching a parked car. The car was occupied by another male.
*1114 One of the officers conducted a patdown of the defendant, which revealed two walletsdefendant's and that of one Robert Arp. In response to the detaining officer's inquiry, the defendant stated that he had just come from his girlfriend's house, and that he had found the second wallet in the alley. The other officer directed a searchlight down the alley. The light exposed a revolver which upon examination disclosed one misfired and two fired cartridges. Advising the defendant of his rights, the officers then placed defendant under arrest.
That same evening, Robert Arp and Seymour Brown had been drinking at a neighborhood bar about one block from the service station. The officers who responded to the attendants' summons had moments before observed the pair walking outside the bar in a manner suggesting they were "quite intoxicated." A few minutes after Arp and Brown left the bar, another patron found Brown lying face down on the ground with what appeared to be a bullet wound in his back and Arp sitting in the car nearby. Arp's wallet was missing; Brown's wallet was found on the ground near his body, along with nylon pantyhose containing fragments of "Negroid head hair." Brown subsequently died of the gunshot wound. Arp sustained a flesh wound from the incident.
When taken to the shooting scene, defendant denied firing a gun. One of the arresting officers inquired about hearing several shots. Defendant stated in reply that he was buying a gun from a party who "took the gun and fired it twice to show me that it worked. However, when he fired the gun, I got scared; I grabbed the gun, I grabbed the wallet, and I ran." When told that the victim was seriously wounded and might die, defendant said "Oh hell," or some other expletive.
Another of the arresting officers testified that at the police station and in his presence the defendant made several phone calls during which he admitted shooting at least one of the victims. The officer testified that he heard the defendant say:
"Mama, I just shot a guy. I don't know if he's dead or not. . . . You better get a lawyer. I don't know if he's dead or not."
The officer testified that he also heard the defendant relate in a conversation with another party, that he had "shot a guy."
The defendant testified in his own defense that he was in the process of purchasing the gun when an argument between the two victims as to the sale price ensued, that one of the two discharged the gun, and that he then took the one victim's wallet to retrieve his own money.
At the close of the trial, the court denied defendant's motion for a judgment of acquittal and submitted the case to the jury which found the defendant guilty of the three counts.

I.
The defendant first contends that, since the requirements of § 16-10-201, C.R.S. 1973, were not met, the trial court erred in admitting two prior inconsistent statements allegedly given by the witness Varnell Green to police officers.
At the outset, we note that this issue is not properly before us. To preserve review on appeal, an assignment of error must ordinarily be included in a motion for a new trial. Crim.P. 33(a); Diebold v. People, 175 Colo. 96, 485 P.2d 900 (1971). Although defendant's trial counsel asserted in his motion for a new trial that Green's reduced mental capacity rendered his statements incompetent, he did not contend the statements were inadmissible for failure to comply with § 16-10-201, C.R.S.1973. Thus, unless the alleged error was of such significance as to affect the substantial rights of the defendant, i. e., "plain error," Crim.P. 52(b), defendant is precluded from raising in this appeal that new ground of objection. People v. Robinson, Colo., 556 P.2d 466 (1976); People v. Jones, 184 Colo. 96, 518 P.2d 819 (1974).
In any event, we find the defendant's contention to be without merit.
*1115 Section 16-10-201, C.R.S.1973, provides:
"(1) Where a witness in a criminal trial has made a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relate, if:
(a) The witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and
(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge."
If prior statements of a witness appear inconsistent and the two statutory conditions are adequately established, the statute mandates admission of prior inconsistent statements even as against a party's own witness, whether that party be the prosecution or the defense. People v. Bastardo, Colo., 554 P.2d 297 (1976); see People v. Pepper, Colo., 568 P.2d 446 (announced August 29, 1977); People v. Hawthorne, Colo., 548 P.2d 124 (1976).
Green, called as a prosecution witness, is defendant's cousin and was the individual in the car defendant approached as he emerged from the alley where the shots were fired. He testified that he was with the defendant on the day of the crimes and "didn't see anything" in defendant's possession that day. Subsequently, two written statementsone allegedly given by the witness to a policeman shortly after midnight the evening of his arrest, and another allegedly given to a different officer the afternoon of the following daywere admitted as prior inconsistent statements. Both statements purported to bear Green's signature and recounted that he had seen the defendant with a revolver on the day of the incident.
Defendant does not dispute that the statements appear inconsistent with the witness's trial testimony. Nor does he contend that the subject of these statements was not within the witness's personal knowledge as required by subsection (1)(b) of the statute. Rather, he asserts that neither of the alternative requisites of subsection (1)(a) of the statute, that "[t]he witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial," was met.
Specifically, defendant argues that because the witness allegedly could not read, the prosecution's failure to read the written statement to the witness while he was testifying before the jury[1] deprived the witness of the opportunity to explain or deny the statement as required by the first alternative of subsection (1)(a) of the statute. And, defendant argues that requiring him to recall Green for cross-examination would somehow disadvantage him. Accordingly, he contends that the second alternative of the statutethe witness's remaining availabledoes not apply when, as here, the prosecution seeks to impeach its own witness.
In People v. Stewart, Colo.App., 568 P.2d 65 (announced March 17, 1977), however, we expressly rejected the contention that the second alternative of that section does not apply when a party seeks to impeach his own witness.
In the instant case, defendant's trial counsel declined to cross-examine the witness, and at the close of his testimony the court specifically instructed the witness to remain available for recall. In such circumstances, the second alternative of subsection (1)(a), as well as the other foundational requirements of § 16-10-201, C.R.S.1973, was satisfied. Accordingly, admission of the two prior inconsistent statements was proper.

*1116 II.
As his second assignment of error, defendant contends that, since his first attorney allegedly failed to interview one of the victims of the charged crimes, he was denied his constitutional right to effective assistance of counsel. We disagree.
The constitutional right of an accused to counsel, U.S. Const. amend. VI, Colo.Const. Art. II, Sec. 16, requires that defense counsel render reasonably effective assistance. People v. White, 182 Colo. 417, 514 P.2d 69 (1973); People v. Gonzales, Colo.App., 543 P.2d 72 (1975); see McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). And, indisputably, adequate pretrial investigation is necessary to afford competent representation at trial. People v. White, supra.
The right to counsel does not, however, require errorless counsel, People v. White, supra, and the failure of counsel to conduct certain pretrial discovery does not inevitably mandate reversal. See People v. Pesis, Colo., 536 P.2d 824 (1975).
Here, six days after defendant's preliminary hearing on December 6, 1974, the victim Robert Arp died of natural causes. Although defendant alleges that his first attorney failed to interview the victim, we agree with the trial judge, that "the record is totally barren of what [defendant's first attorney] did or did not do on behalf of Mr. Grant." Assuming, however, that counsel did fail to interview the victim prior to his death, we reject defendant's argument that the failure to complete pretrial investigation within such a short time after the preliminary hearing falls short of reasonable diligence and outside "the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, supra.
Defendant urges that since Arp was the only living eyewitness to the crimes, exploring his recollection of the incident and inconsistencies in his statements was critical. Arp did state moments after being wounded that he had not heard any shots, and yet, the next afternoon, the stated that as he left the neighborhood bar he had heard shots. That inconsistency appears to be of minor significance however.
Moreover, on several occasions Arp stated to police that he was unable to remember what had happened other than that someone had taken his wallet and those statements were supported by evidence that he was extremely intoxicated at the time of the incident. And, defendant has failed to particularize how, in light of those statements of Arp, counsel's alleged failure to interview Arp significantly prejudiced defendant.
It is incumbent on the accused to demonstrate flagrant shortcomings from which it can be reasonably concluded that he did not receive reasonably effective assistance of counsel. People v. McCormick, 181 Colo. 162, 508 P.2d 1270 (1973). We conclude that here defendant has not shouldered that burden of proof.

III.
Arguing that second-degree assault is an included offense to aggravated robbery, defendant contends that, in light of his being convicted of the robbery offense, his assault conviction cannot stand. We disagree.
Initially we note that defendant interposed no objection to the forms of the verdict submitted to the jury, and failed to raise the issue in his motion for a new trial. Nonetheless, we believe that, if meritorious, such an assignment of error would be cognizable on appeal, as "plain error." See People v. Archuleta, 180 Colo. 156, 503 P.2d 346 (1972).
The doctrine of merger as encompassed in the double jeopardy provisions of the United States and Colorado Constitutions, U.S. Const. amend. V; Colo.Const. Art. II, Sec. 18, precludes an accused of being convicted of a lesser offense that is included within another crime of which the accused is also convicted. People v. Bugarin, 181 Colo. 62, 507 P.2d 875 (1973); see Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).
*1117 An offense is lesser included if it is impossible to commit the greater offense without also having satisfied every essential element of the lesser offense. People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974). Application of this "statutory test" for determining what is a lesser included offense requires comparison of the relevant portions of the statutes involved. People v. Hancock, 186 Colo. 30, 525 P.2d 435 (1974).
Here, the information charging aggravated robbery involved the following sections of 1971 Perm.Supp., C.R.S.1963, 40-4-302 (now § 18-4-302, C.R.S.1973):
"(1) A person who commits robbery is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom:
(a) He is armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person; or
(b) He wounds or strikes the person robbed or any other person with a deadly weapon, or by the use of force, threats, or intimidation with a deadly weapon puts the person robbed or any other person in reasonable fear of death or bodily injury. . .."
And, the information for second-degree assault involved the following section of 1971 Perm.Supp., C.R.S.1963, 40-3-203 (now § 18-3-203, C.R.S.1973):
"(1) A person commits the crime in the second degree if:
. . . . .
(b) With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon . . . ."
Both relevant portions of the statutes have as an element of the respective offense the use of a deadly weapon. Moreover, subsection (1)(b) of the aggravated robbery sections, requiring the use of force, threats, or intimidation placing the victim in reasonable fear of death or bodily harm, necessarily satisfies the requirement that one who commits a second degree assault with a deadly weapon possess the intent to cause bodily injury. See People v. Hancock, supra.
Nonetheless, subsection (1)(a) of the aggravated robbery statute requires only that the perpetrator be armed with a deadly weapon and have a specific intent, and not that the weapon actually be used in an attempt to cause, or in causing, injury to another. We therefore conclude that, under the relevant charged sections, it is possible to commit an aggravated robbery without contemporaneously perpetrating a second-degree assault. Cf. People v. Hancock, supra. Accordingly, there being no lesser included offense, defendant's conviction of both crimes is not barred by double jeopardy.

IV.
As his final argument, defendant contends that the evidence is insufficient to sustain the verdict of the jury finding him guilty of felony murder and aggravated robbery, and that the trial court erred in not granting his motion for judgment of acquittal. We disagree.
A motion for judgment of acquittal is properly denied when the relevant evidence, viewed as a whole and in the light most favorable to the People, is substantial and sufficient for a jury reasonably to conclude that the defendant's guilt of the charged offenses has been established by proof beyond a reasonable doubt. People v. LeFebre, Colo., 546 P.2d 952 (1976). Direct and circumstantial evidence is not distinguished in applying this standard of review, People v. Zaring, Colo., 547 P.2d 232 (1976), and circumstantial evidence alone may be sufficient to support a conviction. People v. Zaring, supra.
Viewed in the light most favorable to the prosecution the evidence in the instant case showed that immediately after several shots were heard, defendant was seen emerging from an alley in which the murder weapon was found. Moments before, a man matching defendant's description had failed in an apparent attempt to rob a service station located one block from *1118 the scene of the shooting. When apprehended, defendant had one of the victim's wallets. Defendant made numerous inconsistent and inculpatory statements while in custody. On two occasions, defendant's cousin, who had waited for defendant outside the alley, told police officers he had seen defendant with a revolver on the day of the crime. Although circumstantial, such evidence amply supports the verdicts entered in this case, and, accordingly, defendant's motion for judgment of acquittal was properly denied.
Judgment affirmed.
COYTE, J., concurs.
KELLY, J., specially concurs.
KELLY, Judge, specially concurring.
I specially concur in III of the majority opinion, with the understanding that the opinion as written does not preclude the possibility that it would be improper to convict a defendant of both aggravated robbery and second-degree assault under the sections quoted in the majority opinion, if the evidence in support of the assault conviction showed that the defendant had attempted to cause, but had not caused a bodily injury.
NOTES
[1] The witness was apprised of the substance of the written statements during an in camera hearing. Such a proceeding has been found unnecessary. See People v. Bastardo, supra. Arguably, substitution or an in camera hearing for the opportunity to explain or deny inconsistencies "while testifying" before the jury is improper. In view of our disposition here, however, we do not reach that issue.