The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Albert SISNEROS, Defendant-Appellant.

No. 79CA0080.

Colorado Court of Appeals,
Division II.

Feb. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Cynthia Cederberg, Deputy State Public Defender, Denver, for defendant-appellant.

RULAND, Judge.

Defendant Albert Sisneros appeals his conviction by a jury of attempted aggravated robbery, first degree burglary, and two counts of felony menacing. We reverse and remand for a new trial.

The People presented evidence seeking to establish that defendant and a confederate armed with knives entered the residence of the victim, seeking to commit a robbery. During the ensuing ten minutes, both the victim and her mother were threatened with death, and the victim suffered minor injuries in an ensuing struggle to escape and obtain assistance.

■ One James Martinez was subpoenaed to testify for the People, but failed to appear. Over defendant's objection, the trial court permitted the People to read into evidence a transcript of the inculpatory testimony of Martinez secured at the preliminary hearing. Defendant first contends, and the People agree, that admission of this testimony constituted reversible error.

At the time the trial court ruled on the People's request to introduce this evidence, *People v. Smith*, Colo., 597 P.2d 204 (1979), had not yet been decided. In that case, however, our Supreme Court held that admission of such a transcript violated the defendant's right of confrontation under *Colo. Const.* Art. II, Sec. 16. Thus, the convictions must be reversed.

We next address those rulings of the trial court which defendant contends were erroneous and which may arise again upon retrial.

Defendant contends that his conviction for two counts of felony menacing was improper under the doctrine of merger as encompassed in the double jeopardy provisions of the United States and Colorado Constitutions. *U.S. Const.* Amend. V; *Colo. Const.* Art. II, Sec. 18. He maintains that one count of felony menacing was merged into the conviction for attempted aggravated robbery and that the other count was merged into the conviction for first degree burglary. We find no merit in this contention.

■ Under the merger doctrine, a single act cannot serve as the basis for convictions of both a crime and a lesser included offense of that crime. *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974). A determination as to whether the second offense is lesser included must be based upon a comparison of the relevant statutory sections charged in the information. *People v. Grant*, 40 Colo.App. 46, 571 P.2d 1111 (1977).

■ The People's information charged defendant with attempted aggravated robbery of the victim under § 18–4–302(1), C.R.S. 1973 (1978 Repl. Vol. 8). Insofar as pertinent here, a person commits aggravated robbery under that section if, during the act of attempted robbery, "[h]e knowingly . . . by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed . . in reasonable fear of . . . bodily injury." A person commits the crime of felony menacing under § 18–3–206, C.R.S. 1973 (1978 Repl. Vol. 8), if, "by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury" by use of a deadly weapon. The requirement in the felony menacing statute that the actor knowingly places a victim in fear of "serious bodily injury" is distinguishable from the requirement that the robber knowingly places a victim in fear of "bodily injury." *See Kreiser v. People*, Colo., 604 P.2d 27 (1979); *People v. Elam*, Colo., 597 P.2d 571 (1979). Thus, the offense of aggravated robbery may be committed without also committing felony menacing. Therefore, no merger occurs. *People v. Grant, supra.*

Insofar as pertinent here, pursuant to § 18–4–202, C.R.S. 1973 (1978 Repl. Vol. 8), the crime of first degree burglary results if the defendant knowingly enters an occupied structure with the intent to commit a crime (other than trespass) and if, while in the structure, he "assaults or menaces any person, or he . . . is armed with explosives or a deadly weapon." However, there is no requirement in the statute that a

victim be placed in fear of imminent serious bodily injury *by a deadly weapon* as there is in the felony menacing statute. Rather, it would be sufficient to establish only that the defendant by any threat or physical action placed the victim in fear of imminent serious bodily injury. *See* § 18–3–206, C.R.S. 1973. We therefore conclude that, under the relevant sections charged, it is possible to commit a first degree burglary without also perpetrating felony menacing. Hence, the merger doctrine does not apply. *People v. Grant, supra.*

Defendant argues that without the transcript of Martinez's testimony at the preliminary hearing, the People's evidence failed to establish the identity of the defendant as a perpetrator of the offenses charged. He therefore contends that this court should direct entry of a judgment of acquittal on these charges. We find no merit in this contention.

We recognize that if a conviction is reversed solely because of evidentiary insufficiency, the double jeopardy clause of the United States Constitution requires entry of a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, where reversal is predicated upon trial error consisting of the reception of inadmissible evidence, re-

mand for a new trial is proper, *Burks v. United States, supra; see also Aragon v. People*, 166 Colo. 172, 442 P.2d 397 (1968), and an appellate court should not review the remaining evidence in order to determine whether it is sufficient to sustain the conviction. *See United States v. Mandel*, 591 F.2d 1347 (4th Cir. 1979). The basis for this rule is twofold. From a defendant's viewpoint, if the evidence were determined to be sufficient, such review would constitute an invasion of the province of the jury. Conversely, if the evidence were determined to be insufficient, it would be unfair to the People because other evidence might have been produced by the district attorney at trial if the questioned evidence had been excluded there. *See United States v. Mandel, supra.*

The judgments of conviction are reversed and the cause is remanded for a new trial.

ENOCH, C. J., and STERNBERG, J., concur.