THE PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael COOPER, Defendant–Appellant.

No. 02CA2078.

Colorado Court of Appeals, Div. V.

Oct. 7, 2004.

Certiorari Denied Jan. 18, 2005.

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Michael Cooper, appeals the judgment of conviction entered upon a jury verdict finding him guilty of unlawful possession of a schedule II controlled substance. Defendant also appeals his adjudication as an habitual criminal. We affirm the judgment of conviction and the trial court's findings as to two habitual criminal counts. Because we conclude that the trial court erred in its determination as to the third habitual criminal count, we vacate defendant's sentence and remand for a new hearing as to that count and subsequent resentencing.

Police officers suspected that methamphetamine was being manufactured at a local auto body shop. While conducting surveillance, the police saw defendant contacting drivers who pulled into the parking lot outside the building.

The following day, the officers saw defendant drive away from the area in a car belonging to another person. One of the officers stopped defendant for a license plate violation and arrested him for driving while his license was revoked. Defendant offered to provide the arresting officer with information about a methamphetamine manufacturer in exchange for dismissal of the traffic charges.

While this conversation was taking place, a second police officer searched the car and discovered a small amount of methamphetamine concealed inside the leather housing surrounding the gearshift.

In a post-arrest interview, defendant admitted he had used methamphetamine the day before. Defendant also told the officer that the car had been in his possession for several weeks. Later that day, police officers executed a search warrant at the auto body shop and discovered evidence of methamphetamine manufacturing.

At trial, defendant's theory of defense was that he had been repairing the car for the owner and had no knowledge of the methamphetamine concealed in the car.

## I.

■ Defendant first argues that the trial court abused its discretion by admitting evidence of his actions the day before he was arrested. We disagree.

■ Under CRE 404(b), evidence of other crimes, wrongs, or acts is inadmissible if its relevance depends upon an inference that the person has a bad character and acted in conformity with that character. *People v. Spoto*, 795 P.2d 1314, 1318 (Colo.1990). A trial court's decision to admit evidence under CRE 404(b) is reviewed only for an abuse of discretion. *Masters v. People*, 58 P.3d 979, 996 (Colo.2002).

Here, the prosecution sought to admit evidence of two other acts: (1) defendant's admission that he had used methamphetamine the day before he was arrested; and (2) the police officers' observations and photographs of defendant outside the methamphetamine manufacturing facility the day before he was arrested. The trial court concluded that this evidence was logically relevant to the issue of whether defendant knew the methamphetamine was in the car. And it found that the probative value of the evidence would not be substantially outweighed by the danger of unfair prejudice.

On this record, we cannot say the trial court abused its discretion. The logical relevance of this evidence did not depend on an inference that defendant acted in conformity with bad character. *See People v. Warren*, 55 P.3d 809, 815 (Colo.App.2002)(evidence that defendant had previously supplied methamphetamine to her roommate was relevant—independent of an inference of bad character—to prove that she knew of methamphetamine found in her dresser). And the probative value of this evidence was not outweighed by the danger of unfair prejudice, especially because the court gave a limiting instruction. *See People v. Vialpando*, 954 P.2d 617, 623 (Colo.App.1997) (limiting instruction alleviates danger of unfair prejudice).

## II.

Defendant next argues that the evidence is insufficient to support the trial court's finding that he had previously been convicted of three felonies as alleged in the information.

We agree that, as to one count, a new evidentiary hearing is necessary.

Defendant was charged as an habitual criminal under the following provision:

> Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by imprisonment in the department of corrections for a term of four times the maximum of the presumptive range pursuant to section 18–1.3–401 for the class of felony of which such person is convicted.

Section 18–1.3–801(2), C.R.S.2003.

Under § 18–1.3–803(5)(b), C.R.S.2003, the prosecution bears the burden of proving the prior convictions beyond a reasonable doubt. Section 18–1.3–802, C.R.S.2003, which governs the admission of evidence in habitual criminal proceedings, provides that a duly authenticated copy of the record of a former conviction and judgment is prima facie evidence of the conviction and may be used as evidence at the habitual offender sentencing.

▮ In addition, the prosecution must prove beyond a reasonable doubt that the accused is the person named in the prior convictions. *People v. Martinez*, 83 P.3d 1174 (Colo.App.2003).

▮ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable fact finder that the defendant is guilty of the crimes charged beyond a reasonable doubt. *People v. Sprouse*, 983 P.2d 771, 777 (Colo.1999).

Here, the People filed four habitual criminal counts based on allegations that defendant had been convicted of the following: (1) second degree assault in case 91CR1672 on September 12, 1991; (2) unlawful possession of a controlled substance in case 95CR3091 on September 8, 1995; (3) driving after revocation as an habitual traffic offender in case 97CR1080 on November 10, 1997; and (4) driving after revocation as an habitual traffic offender in case 97CR2229 on November 10, 1997.

There were three types of evidence supporting the habitual criminal charges.

First, the People presented the testimony of the probation officer who had supervised cases 97CR1080 and 97CR2229. This witness, who had never met defendant, identified defendant as the person whose photograph was attached to the probation file for case 97CR1080. He also testified that defendant was the person whose photograph was attached to case 98CR878 (a felony conviction for which no habitual criminal count had been filed).

Second, the People presented written exhibits. For the conviction in case 95CR3091, the People introduced Colorado Department of Corrections (DOC) records that included a photograph of the person convicted. And the People introduced certified court records of all four convictions alleged in the information:

● The records for case 91CR1672 indicated that, on November 1, 1991, a person named Michael Clayton Cooper, who was born on January 2, 1961, was sentenced for second degree assault.

● The records for cases 97CR1080 and 97CR2229 indicated that, on November 10, 1997, a person named Michael Clayton Cooper, who was born on January 2, 1961, received concurrent probationary sentences for separate convictions of driving after license revoked as an habitual traffic offender. These records also indicated that, when the probationary sentences were subsequently revoked, the trial court imposed concurrent sentences to community corrections and ordered that they be served concurrently with a sentence imposed in case 98CR878 (the felony conviction for which no habitual criminal count was filed in this case, but which was linked to defendant through the probation officer's testimony concerning defendant's photograph).

● The records for case 95CR3091 indicated that, on November 28, 1995, a person

named Michael Clayton Cooper, who was born on January 2, 1961, was convicted of unlawful possession of a controlled substance on April 24, 1995.

Third, over defendant's objection, the trial court took judicial notice of the presentence report for cases 97CR1080 and 97CR2229. According to the prosecutor, this report made reference to defendant's prior convictions in cases 91CR1672 and 95CR3091. (This report is not part of the record on appeal.)

Although the trial court found that defendant was the person whose photograph was included in the DOC records for case 95CR3091, the court acquitted him of that habitual criminal count, finding a failure of proof as to the date of conviction. Nevertheless, the trial court concluded that the DOC records for case 95CR3091 could be considered as evidence of defendant's identity with respect to the convictions alleged in the other three habitual criminal counts.

Relying on the DOC records from case 95CR3091; the court records for cases 91CR1672, 97CR1080, and 97CR2229; the probation officer's testimony; and the 1997 presentence report, the trial court found that the People had presented sufficient proof that defendant was the person convicted in cases 91CR1672, 97CR1080, and 97CR2229. The court also determined that the prosecution had proved that those three convictions were entered on the dates alleged. ·

### A. Judicial Notice of the Presentence Report

■ Defendant contends the trial court erred by taking judicial notice of the 1997 presentence report. We agree.

Under CRE 201(b), a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" and are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The People assert that the contents of the 1997 presentence report met the criteria of CRE 201(b) because the report was prepared by the probation department, an agency that is "supervised by the judiciary." We are not persuaded.

■ A court may take judicial notice of its *own* records. *Kostal v. People*, 167 Colo. 317, 319, 447 P.2d 536, 537 (1968). Thus, in an habitual criminal adjudication, a court may take judicial notice of a mittimus. *Massey v. People*, 649 P.2d 1070, 1073 (Colo. 1982)(it is proper for trial court to take judicial notice of mittimus and felony classification level indicated therein). But we decline to extend this principle, which "has traditionally been used cautiously in keeping with its purpose to bypass the usual fact finding process," *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850, 853 (Colo.1983), to include reports prepared for the court by the probation department.

In this case, the People's attempt to equate the 1997 presentence report with the court's "own records" is undermined by the fact that the presentence report was not included as part of the certified court records for either of the 1997 convictions. And even if the report had been included, its contents would still be subject to reasonable dispute. Presentence reports are often disputed, and they occasionally contain erroneous statements concerning a defendant's criminal history. *See People v. Powell*, 748 P.2d 1355, 1358 (Colo.App.1987)(the defendant has the right to be heard concerning matters in the presentence report that he believes to be untrue).

Accordingly, we conclude the trial court erred by taking judicial notice of the 1997 presentence report.

### B. Sufficiency of the Evidence

We now address the sufficiency of the evidence supporting each habitual criminal count. Our review must account for the fact that the 1997 presentence report was improperly considered.

■ For the count premised on case 91CR1672, the evidence was sufficient with the presentence report, but insufficient without it. The report provided a necessary link between case 91CR1672 and the photograph

of defendant contained in the DOC records for case 95CR3091. Without the report, the evidence amply established the date of the conviction but did not sufficiently establish defendant's identity as the person convicted.

Our supreme court has recognized that the element of identity in habitual criminal proceedings is not satisfied by proof that the defendant has the same name as the person previously convicted, even when that name is unusual. *See De Gesualdo v. People,* 147 Colo. 426, 364 P.2d 374 (1961). This rule is born of concern over the serious consequences that follow habitual criminal adjudications: "[A]ssumptions cannot be indulged in this sensitive area of the law. Our decisions have consistently required strict proof. The philosophical approach to the habitual criminal statute has always been that it is in derogation of the common law and must therefore be strictly construed." *De Gesualdo v. People, supra,* 147 Colo. at 433–34, 364 P.2d at 378. Here, we conclude that the fact that defendant has the same name and date of birth as the person previously convicted is insufficient, particularly because defendant's name is not unusual or distinctive.

■ For the counts premised on cases 97CR1080 and 97CR2229, the evidence was sufficient even without the 1997 presentence report. On a foundation provided by the probation officer, the trial court properly determined that probation department records in the officer's possession were records of regularly conducted activity under CRE 803(6). And based on these records, the officer was able to identify defendant as the person depicted in photographs attached to cases 97CR1080 and 98CR878. This testimony, together with court records linking cases 97CR1080 and 98CR878 to case 97CR2229, was sufficient to prove beyond a reasonable doubt that defendant was the person convicted in cases 97CR1080 and 97CR2229. The court records also established that defendant was convicted on the dates alleged in the information.

## C. New Sentencing Hearing

■ We have determined that the evidence presented at trial was sufficient to sustain defendant's habitual criminal adjudi-

cation. But we have also determined that the trial court should not have taken judicial notice of the 1997 presentence report and that, without that report, the evidence was insufficient as to the habitual criminal count premised on case 91CR1672. We therefore remand for a new sentencing hearing. *See Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (when an appellate court determines that an habitual offender determination is flawed because of improperly admitted evidence, retrial is permitted if the evidence, including the improper evidence, was sufficient); *see also People v. Sisneros,* 44 Colo.App. 65, 68, 606 P.2d 1317, 1319 (1980) (if a conviction is reversed solely for evidentiary insufficiency, the double jeopardy clause requires judgment of acquittal; but when reversal is predicated on the receipt of inadmissible evidence, remand for a new trial is proper).

On remand, the trial court should hear evidence and determine whether the prosecution has proved the habitual criminal count premised on case 91CR1672. *See People v. Calderon,* 9 Cal.4th 69, 36 Cal.Rptr.2d 333, 885 P.2d 83, 88 (1994) ("when the determination of the truth of a prior conviction allegation is reversed on appeal, the case may be remanded solely for a redetermination of the truth of that allegation"); *People v. Morton,* 41 Cal.2d 536, 543, 261 P.2d 523, 527 (Cal. 1953) (remanding for retrial on one of two prior conviction counts).

If, on remand, the trial court finds the evidence sufficient with respect to the habitual criminal count premised on case 91CR1672, the court must resentence defendant to the same term originally imposed under § 18–1.3–801(2). If, however, the court finds the evidence insufficient as to this count, it shall resentence defendant based on the remaining habitual criminal counts pursuant to § 18–1.3–801(1.5), C.R.S.2003. *See People v. Jones,* 967 P.2d 166, 170 (Colo.App.1997)(vacating defendant's habitual criminal sentence under the more severe statute and remanding for resentencing under the less severe habitual criminal sentencing statute).

### D. Right to a Jury Trial

Defendant also contends that he was entitled to a jury trial on the habitual criminal counts. We reject this argument for the reasons set forth in *People v. Carrasco*, 85 P.3d 580 (Colo.App.2003), and *People v. Johnson*, 74 P.3d 349 (Colo.App.2002).

The judgment is affirmed, the sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge NIETO and Judge WEBB concur.