Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 27, 2017

**2017 CO 16**

**No. 12SC966, Scott v. People—Plain Error Review—Double Jeopardy—Lesser Included Offenses.**

In this case the supreme court reviews two issues: (1) whether a double jeopardy claim can be raised for the first time on appeal and (2) whether defendant William Costello Scott's convictions for both aggravated robbery-menaced with a deadly weapon ("aggravated robbery-menaced victim") and menacing amounted to plain error.

In light of the supreme court's opinion in Reyna-Abarca v. People, 2017 CO 15, ___ P.3d ___, also decided today, the court concludes here, contrary to the division majority below, People v. Scott, No. 08CA2327 (Colo. App. Nov. 8, 2012), that unpreserved double jeopardy claims can be raised for the first time on appeal and that courts should ordinarily review such claims for plain error. The court further concludes, however, that in the circumstances presented here, any error that might have occurred when the trial court entered judgment on Scott's convictions for both aggravated robbery-menaced victim and menacing was not obvious and thus, did not amount to plain error.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 16

### Supreme Court Case No. 12SC966
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 08CA2327

#### Petitioner:

William Costello Scott,

v.

#### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
February 27, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Alan Kratz, Deputy Public Defender
   *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
John T. Lee, Assistant Attorney General
   *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.

¶1　In this case we review two issues: (1) whether a double jeopardy claim can be raised for the first time on appeal and (2) whether defendant William Costello Scott's convictions for both aggravated robbery-menaced with a deadly weapon ("aggravated robbery-menaced victim") and menacing amounted to plain error.[1]　In light of our opinion in Reyna-Abarca v. People, 2017 CO 15, ___ P.3d ___, also decided today, we conclude, contrary to the division majority below, that unpreserved double jeopardy claims can be raised for the first time on appeal and that courts should ordinarily review such claims for plain error.　We further conclude, however, that in the circumstances presented here, any error that might have occurred when the trial court entered judgment on Scott's convictions for both aggravated robbery-menaced victim and menacing was not obvious and thus, did not amount to plain error.　Accordingly, although we conclude that the division erred in declining to review Scott's unpreserved double jeopardy claim, we nonetheless affirm the judgment.

## I.　Facts and Procedural History

¶2　The People charged Scott with several counts arising from a robbery.　Among those counts were one count of aggravated robbery-menaced victim and one count of menacing.　Scott did not object to these counts pursuant to Crim. P. 12(b)(2), which provides, as pertinent here, that objections based on defects in the charging document

---

[1] Specifically, we granted certiorari to review the following issue:

> Whether, contrary to this court's decision in Lucero v. People, 272 P.3d 1063 (Colo. 2012), the court of appeals erred by refusing to address whether the menacing conviction was a lesser included offense of aggravated robbery-menaced with a deadly weapon, and failing to order that the menacing conviction be vacated.

may be raised only by motion and that the failure to present such an objection constitutes a waiver thereof.

¶3 The case proceeded to trial, and a jury found Scott guilty of, among other things, aggravated robbery-menaced victim and menacing. At no point prior to or during the sentencing proceedings did Scott contend that his convictions on these two counts violated double jeopardy principles under the United States or Colorado Constitutions.

¶4 Scott appealed and argued for the first time that pursuant to section 18-1-408(5)(c), C.R.S. (2016), felony menacing is a lesser included offense of aggravated robbery-menaced victim and therefore, his convictions on both counts violated double jeopardy principles and should have merged. The People disagreed, noting that in People v. Sisneros, 606 P.2d 1317, 1318 (Colo. App. 1980), a division of the court of appeals had concluded that felony menacing does not merge into aggravated robbery.

¶5 In an unpublished, split opinion, the division majority declined to address Scott's foregoing double jeopardy claim because he had not presented it to the trial court. People v. Scott, No. 08CA2327, slip op. at 12 (Colo. App. Nov. 8, 2012). In so ruling, the majority noted that divisions of the court of appeals were split with regard to whether a defendant may raise unpreserved double jeopardy claims on direct appeal. Id. at 11–12. Ultimately, the Scott majority agreed with those divisions that had concluded that defendants may not raise such claims for the first time on appeal. Id. at 12.

¶6 Judge Casebolt specially concurred. As pertinent here, he disagreed with the majority's refusal to address Scott's above-described double jeopardy argument. Id. at 14. Judge Casebolt would have reviewed that contention for plain error. Id. He would

4

have concluded, however, that based on <u>Sisneros</u>, which had concluded that a menacing conviction does not merge into an aggravated robbery conviction, Scott was not entitled to relief.  <u>Id.</u>

¶7     Scott petitioned this court for certiorari review, and we granted his petition.

## II.  Analysis

¶8     We first discuss whether courts can review unpreserved double jeopardy claims for the first time on appeal.  Concluding that Crim. P. 52(b) provides a mechanism for such review, we proceed to review Scott's claim for plain error.

## A.  Appellate Review of Unpreserved Double Jeopardy Claims

¶9     In <u>Reyna-Abarca</u>, also decided today, we concluded that defendants can raise unpreserved double jeopardy claims for the first time on appeal and that courts should ordinarily review such claims for plain error.  <u>Reyna-Abarca</u>, ¶ 2.

¶10    In so holding, we rejected the People's argument, which they also assert in this case, that a defendant must raise a double jeopardy claim at trial pursuant to Crim. P. 12(b)(2), or else it is waived.  As we explained at length in <u>Reyna-Abarca</u>, ¶¶ 38–45, Crim. P. 12(b)(2) is inapplicable to double jeopardy claims because (1) prosecutors are permitted to charge in an information multiple claims arising from the same set of facts; (2) a double jeopardy claim does not arise until the defendant is convicted of multiplicitous counts; (3) Crim. P. 12(b)(2) does not require a defendant to file a motion regarding any error that might later flow from the charging document; and (4) no authority supports the People's position that a defendant must "bookmark" a future double jeopardy claim at the pleadings stage.

5

¶11 The same reasoning applies here. In reaching this conclusion, we recognize that the division majority's decision not to review Scott's unpreserved double jeopardy claim was consistent with the view of several other court of appeals divisions that had declined to review unpreserved constitutional claims raised for the first time on appeal. See, e.g., People v. Cooper, 205 P.3d 475, 478 (Colo. App. 2008); People v. Novitskiy, 81 P.3d 1070, 1073 (Colo. App. 2003). In so ruling, those divisions relied on, or their rulings derived in part from, our statement in People v. Cagle, 751 P.2d 614, 619 (Colo. 1988), that "[i]t is axiomatic that this court will not consider constitutional issues raised for the first time on appeal." As we noted in Reyna-Abarca, ¶ 36, however, the above-quoted language from Cagle was dictum and had no bearing on our reasoning or conclusion in that case, in which we had determined that the defendant had, in fact, properly preserved his constitutional claim. Accordingly, we concluded in Reyna-Abarca that the above-referenced statement from Cagle is not controlling on the question of whether courts may review unpreserved double jeopardy claims for the first time on appeal. Id.

¶12 Instead, we concluded that Crim. P. 52(b) applies here. See id. at ¶ 37. Crim. P. 52(b) provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This rule does not distinguish between constitutional and nonconstitutional errors, and we perceive no reason to read in such a distinction here. See Hagos v. People, 2012 CO 63, ¶ 14, 288 P.3d 116, 120.

¶13 We thus conclude that the majority below erred in declining to address Scott's unpreserved double jeopardy claim and, instead, should have reviewed that claim for plain error. This, however, does not end our inquiry because the question remains whether the trial court plainly erred in not merging Scott's convictions for aggravated robbery-menaced victim and menacing. We turn next to that question.

## B. Merits of Scott's Double Jeopardy Claim

¶14 Scott contends that pursuant to section 18-1-408(5)(c), menacing is a lesser included offense of aggravated robbery-menaced victim because the former differs from the latter only in the respect that a lesser level of culpability suffices to establish menacing than suffices to establish aggravated robbery-menaced victim. We need not decide this question, however, because even if menacing were a lesser included offense of aggravated robbery-menaced victim pursuant to section 18-1-408(5)(c), we cannot say that the trial court plainly erred in not raising and addressing that issue sua sponte.

¶15 As noted above, Crim. P. 52(b) allows an appellate court to notice "[p]lain errors or defects affecting substantial rights." Plain error review addresses error that is both obvious and substantial and that so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. See People v. Miller, 113 P.3d 743, 750 (Colo. 2005).

¶16 To qualify as plain error, an error must generally be so obvious that a trial judge should be able to avoid it without the benefit of an objection. People v. Pollard, 2013 COA 31M, ¶ 39, 307 P.3d 1124, 1133. For an error to be this obvious, the action challenged on appeal ordinarily "must contravene (1) a clear statutory command; (2) a

7

well-settled legal principle; or (3) Colorado case law." Id. at ¶ 40, 307 P.3d at 1133 (citations omitted); see also People v. Ujaama, 2012 COA 36, ¶ 42, 302 P.3d 296, 304–05 (noting that an error may be obvious when it has been decided by the Colorado Supreme Court or a division of the court of appeals).

¶17 Conversely, an error is generally not obvious when nothing in Colorado statutory or prior case law would have alerted the trial court to the error. See People v. Wentling, 2015 COA 172, ¶ 32, ___ P.3d ___. Accordingly, an error will not ordinarily be deemed "obvious" when either this court or a division of the court of appeals has previously rejected an argument being advanced by a subsequent party who is asserting plain error. In such a case, subject to limited exceptions (e.g., intervening authority from a higher court overruling prior precedent), the trial judge is bound to follow the decisions of the appellate courts and cannot generally be faulted for not departing from that authority sua sponte.

¶18 Here, at the time of Scott's trial, Sisneros, which had rejected the precise argument that Scott makes in this case, see Sisneros, 606 P.2d at 1318, had been on the books for over a quarter of a century. As a result, we cannot say that it was obvious error for the trial court to have acted consistently with that case and not to have merged Scott's aggravated robbery-menaced victim and menacing convictions sua sponte. Accordingly, we conclude that Scott has not established plain error in this case.

### III. Conclusion

¶19 For these reasons, we affirm the judgment below, albeit on grounds different from those on which the division's majority relied.

8