19CA1448 Peo v Morales-Ramirez 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 19CA1448 Arapahoe County District Court No. 16CR3238 Honorable Patricia D. Herron, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Alberto Morales-Ramirez, Defendant-Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE BROWN Berger and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Philip J. Weiser, Attorney General, Mark T. Bailey, Senior Assistant Attorney General II, Paul E. Koehler, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Driscoll Law Office, Robert J. Driscoll, Denver, Colorado, for Defendant-
Appellant 
1 ¶ 1 Defendant, Alberto Morales-Ramirez, appeals his judgment of conviction on four counts of distribution of a controlled substance. We affirm. I. Background ¶ 2 In 2016, a grand jury indicted Morales-Ramirez and twelve other defendants for drug crimes. On March 20, 2019, Morales-
Ramirez went to trial on ten counts of distribution of a controlled substance, one count of conspiracy, and two counts for violations of the Colorado Organized Crime Control Act (COCCA). ¶ 3 During opening statements, the prosecutor told the jury he expected to prove five of the drug transactions through a phone recording, testimony from an undercover Drug Enforcement Administration (DEA) agent, and testimony from an informant. The prosecutor then told the jury that he expected to prove the other five drug transactions through wiretap phone recordings and testimony from two of Morales-Ramirez’s codefendants. The prosecutor explained that the evidence collectively would show that Morales-Ramirez conspired to engage in a drug distribution enterprise. 
2 ¶ 4 The prosecution ultimately was unable to procure Morales-
Ramirez’s codefendants to testify, so the parties agreed that the prosecution would dismiss the five counts of distribution of a controlled substance that the prosecution had planned to prove through the testimony of those witnesses. The prosecution also dismissed the conspiracy and COCCA charges. ¶ 5 Both parties and the court worked together to craft a curative instruction to explain to the jury the prosecutor’s opening statement as it related to the dismissed charges: During opening statements, there were references to other incidents, allegations, and charges, other than the five current charges. For reasons that are unrelated to you or your service as a juror in this case, the Court has dismissed several charges, and there are now only five charges in this case. Opening statements are not evidence. You shall not consider those comments from opening statements or references to other charges for any purpose, in any aspect of your service, including deliberations. ¶ 6 Neither party mentioned the dismissed charges in closing argument. Both parties focused only on the remaining five drug transactions, which were based on the phone recording and testimony from the undercover DEA agent and the informant. 
3 ¶ 7 After a three-day trial, the jury convicted Morales-Ramirez of four of the five counts of distribution of a controlled substance. II. Analysis ¶ 8 Morales-Ramirez contends that the district court should have declared a mistrial based on the prosecutor’s reference in opening statement to charges that were later dismissed because the prosecution did not show due diligence in procuring the two witnesses whose testimony would have supported the dismissed charges. We disagree. A. Morales-Ramirez Waived the Error ¶ 9 As an initial matter, we note that Morales-Ramirez’s counsel expressly agreed to the course of action the district court took to mitigate the impact of the prosecutor’s opening statement by creating a curative instruction that he now claims was erroneous. In doing so, he waived the challenge he raises on appeal. See Stackhouse v. People, 2015 CO 48, ¶ 17 (holding that waiver applies not only when counsel expressly states an intent to give up a right, but also where counsel does not object to the trial court’s action despite a clear opportunity to do so); cf. People v. Rediger, 2018 CO 
4 32, ¶¶ 39-47 (concluding that waiver did not occur where the defendant’s counsel acquiesced to the jury instructions as a whole). B. The District Court Did Not Plainly Err by Not Sua Sponte Granting a Mistrial ¶ 10 Even assuming Morales-Ramirez did not waive the alleged error, however, his claim fails under the applicable standard of review. ¶ 11 Because Morales-Ramirez’s counsel did not object to the court’s curative instruction or move for a mistrial, we review only for plain error. See Garcia v. People, 2019 CO 64, ¶ 3. “An error is plain if it is obvious and substantial and so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.” Rediger, ¶ 48. For an error to be obvious it must contravene a statute or rule, a well-
settled legal principle, or established Colorado case law. Campbell v. People, 2020 CO 49, ¶ 25. ¶ 12 “A prosecutor’s opening statement is limited to the evidence that will be adduced at trial.” People v. Melanson, 937 P.2d 826, 836 (Colo. App. 1996). But remarks made in opening statement that are later proved unsupported by the evidence will constitute 
5 reversible error only if “there has been an affirmative showing of bad faith and manifest prejudice.” See id. ¶ 13 Morales-Ramirez acknowledges this standard — which requires that he demonstrate both bad faith by the prosecution and manifest prejudice resulting from the comments made in opening statement — but asks us to reexamine these requirements. He argues that because the prosecution did not demonstrate “due diligence” in its efforts to procure the two witnesses that would have offered evidence supporting the dismissed charges “the requirement[s] of bad faith and manifest prejudice should not apply.” Essentially, he argues that the district court plainly erred by not declaring a mistrial based on a standard that does not exist now and did not exist at the time of trial. ¶ 14 Because an error is only obvious when it contravenes a statute or rule, a well-settled legal principle, or established Colorado case law, such error is generally not obvious when nothing in Colorado statutes or prior case law would have alerted the trial court to the error. Scott v. People, 2017 CO 16, ¶ 17. In other words, a trial court cannot commit plain error by adhering to published Colorado appellate decisions that were in place at the time of trial; instead, 
6 the trial court is bound to follow the decisions of the appellate courts and cannot generally be faulted for not departing from that authority sua sponte. Id. ¶ 15 Because the standard Morales-Ramirez asks us to adopt did not exist at the time of trial, we conclude that any error by the district court in failing to sua sponte declare a mistrial based on that standard was not obvious. And if the error was not obvious, it was not plain. See Rediger, ¶ 48. ¶ 16 Moreover, Morales-Ramirez has failed to establish obvious error by the district court under the standard articulated in established Colorado case law. See Melanson, 937 P.2d at 836. He made no affirmative showing of bad faith to the district court. Although the prosecutor indicated during his opening statement that two of Morales-Ramirez’s codefendants would testify about five of the drug transactions, the record reflects that the prosecutor learned during trial that he would be unable to procure those witnesses. Because the prosecutor did not learn of the witnesses’ unavailability until after opening statements, we see no evidence of bad faith. See id. (discerning no evidence of bad faith when the prosecutor indicated during opening statements that witnesses 
7 would testify, but during trial discovered evidence that impeached their credibility, so chose to cease questioning one witness and not to call the other). ¶ 17 Morales-Ramirez also failed to show the district court that he was manifestly prejudiced by the unsupported remarks made in opening statements. Once the parties and the court learned that the witnesses were unavailable, they worked together to craft a curative instruction. The court instructed the jury after closing arguments that opening statements are not evidence and to disregard any comments the prosecutor made in opening statement about the dismissed charges, and we presume that the jury followed those instructions. See People v. Tillery, 231 P.3d 36, 43 (Colo. App. 2009), aff’d sub nom. People v. Simon, 266 P.3d 1099 (Colo. 2011); see also People v. Ellis, 30 P.3d 774, 778 (Colo. App. 2001) (holding that absent evidence to the contrary, we presume that the jury followed the curative instruction and that the instruction cured any prejudice to defendant). Morales-Ramirez does not articulate any prejudice he suffered that was not cured by these instructions. ¶ 18 Under these circumstances, we perceive no plain error. 
8 III. Conclusion ¶ 19 We affirm the judgment of conviction. JUDGE BERGER and JUDGE JOHNSON concur.