22CA0801 Peo v Harrison 02-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0801
Jefferson County District Court No. 20CR3510
Honorable Diego G. Hunt, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Robert Eugene Harrison,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, River B. Sedaka, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Robert Eugene Harrison, appeals the district court's order requiring him to pay restitution.  We affirm.

## I.     Background

¶ 2     A jury convicted Harrison of various offenses arising out of a carjacking in which, as now relevant, one of the victims sustained serious injuries after being struck by a car.[1]  The prosecution sought restitution for The Hartford, an insurance company, for the losses it had paid on the victim's behalf for her treatment at Saint Anthony's Hospital.  The losses totaled $5,000.  Harrison's counsel objected and the district court set the matter for a hearing.

¶ 3     At the hearing, the district court took judicial notice of the jury's verdicts, in particular the jury's finding that Harrison caused serious bodily injury to the victim on October 12, 2020.  The court also took judicial notice of the testimony at trial concerning the "transport and treatment of the victim" — specifically, that on October 12, 2020, immediately after the assault, the victim was

---

[1] A division of this court affirmed the judgment of conviction. *People v. Harrison*, (Colo. App. No. 22CA0202, Nov. 27, 2024) (not published pursuant to C.A.R. 35(e)).

transported to Saint Anthony's Hospital and was treated there for her injuries.

¶ 4     The prosecution presented evidence from an insurance adjuster with The Hartford. The insurance adjuster testified that The Hartford made a $5,000 payment to Saint Anthony's Hospital for treatment the victim received on October 12, 2020. The prosecution also admitted a payment ledger showing that The Hartford paid $5,000 to Saint Anthony's Hospital, for "medical payments" on behalf of the victim, which were for services performed on October 12, 2020. Harrison didn't present any additional evidence.

¶ 5     Based on the evidence presented, the district court found that Harrison's conduct was the proximate cause of The Hartford's losses and ordered him to pay $5,000 in restitution.

## II.     Discussion

¶ 6     Harrison contends that the prosecution presented insufficient evidence at the restitution hearing to support the district court's findings that (1) the insurance payout was for the victim in this

case and (2) he was the proximate cause of the $5,000 in losses sustained by The Hartford. We disagree with both contentions.

## A. Governing Law

¶ 7    A district court may award restitution for costs incurred by an insurer that provides medical benefits to a victim for losses or injuries that were proximately caused by the defendant's conduct. *See* § 18-1.3-602(3)(d), C.R.S. 2024. The prosecution bears the burden of proving by a preponderance of the evidence that the victim's losses were proximately caused by the defendant. *People v. Stone*, 2020 COA 24, ¶ 6. In the context of restitution, proximate cause is a cause which in natural and probable sequence produced the claimed loss and without which the claimed loss would not have been sustained. *People v. Dyson*, 2021 COA 57, ¶ 13.

## B. Standard of Review

¶ 8    The parties disagree, at least in part, on the appropriate standard of review. While they agree that Harrison's first contention brings a sufficiency-of-the-evidence challenge that we should review de novo, *see Martinez v. People*, 2024 CO 6M, ¶ 19, they part ways concerning his second contention. Harrison asserts that his second contention also presents a sufficiency challenge,

3

while the People, relying on *Martinez*, ¶ 3, assert that we should review for clear error.

¶ 9    As we understand it, Harrison's second contention is a challenge to the district court's proximate cause determination. Such a determination will not be disturbed unless clearly erroneous. *Id.* at ¶¶ 3, 32 (clear error is the appropriate standard of review for evaluating a district court's determination of proximate cause for restitution). Applying this standard, we must affirm the court's findings unless they are without record support. *Id.* at ¶ 34.[2]

## C.    Analysis

¶ 10    Harrison first contends that the evidence was insufficient to establish that the person named in the evidence presented at the hearing was the actual victim in this case. He relies on *People v. Cooper*, 104 P.3d 307 (Colo. App. 2004), noting the absence of additional identifying evidence such as a "date of birth, home address, or [social security number]."

---

[2] In any event, Harrison's claim fails under the sufficiency standard.

¶ 11    *Cooper* is distinguishable.  *Cooper* concerned a habitual offender proceeding in which the prosecution must prove beyond a reasonable doubt that the accused is the person who was previously convicted.  *See id.* at 310.  The division concluded, applying that standard, that documents concerning prior convictions showing the same name and date of birth as the defendant were insufficient to satisfy the identity element, particularly since the defendant's name wasn't unusual or distinctive.  *Id.* at 310-12.

¶ 12    In a restitution proceeding, however, a lesser burden — preponderance of the evidence — applies.  *Stone*, ¶ 6; *see also People in Interest of A.V.*, 2018 COA 138M, ¶ 24 (while more than speculation is required, "the prosecution is not required to prove restitution by the same quality of evidence required in a trial").  And applying that standard, we conclude that the evidence was sufficient.

¶ 13    The district court considered the "undisputed" trial testimony that the victim was transported to Saint Anthony's Hospital and treated there on October 12, 2020.  The Hartford's payment ledger

5

references a name matching the victim's, the date the patient was treated (which also matches the date of offense), and that the treatment occurred at Saint Anthony's Hospital. Attached to the payment ledger is a cover letter referencing a name for the insured that is the same as the victim's and showing The Hartford as the "Responsible Party." And the insurance adjuster testified that The Hartford insured the victim in October 2020, paid $5,000 for her treatment in relation to this case, and that the payment ledger, reflecting this same information, "can't be modified." This evidence, viewed in the light most favorable to the prosecution, is sufficient to establish that the person named in the evidence provided at the hearing was the victim in this case.

¶ 14 Second, Harrison contends that there was insufficient evidence to establish that he was the proximate cause of the $5,000 in losses sustained by The Hartford. While Harrison concedes that the victim was treated for her injuries on the date of the offense, he argues that the district court's causation finding was "speculative" given the possibility that the victim could have "received other services that were not medically necessary as a direct result of the

6

conduct for which [Harrison] was convicted." In support, Harrison points to the absence of an itemized bill or testimony from a witness with personal knowledge as to the exact treatment the victim received. But these arguments go to the weight of the evidence, not its sufficiency. *See A.V.*, ¶ 29 ("As the fact finder, the court had the authority to determine the weight of the evidence [and] the witnesses' credibility . . . ."). And the district court considered and rejected these arguments, finding that, in light of the hearing testimony, "the only services that the payments could pertain to at Saint Anthony's would be those sustained as a result of [the victim's] injuries based on the conduct of the defendant here." The district court's findings were well within its sole province to weigh the evidence. Consequently, we conclude that the district court's finding that Harrison's conduct proximately caused the losses sustained by The Hartford wasn't clearly erroneous.

### III.  Disposition

The order is affirmed.

JUDGE BROWN and JUDGE YUN concur.