Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 3, 2019

**2019 CO 45**

**No. 15SC180,** *Maestas v. People*—**Sufficiency of the Evidence**—**Standard of Review**—
**Statutory Construction.**

The court granted certiorari to review the court of appeals division's opinion

affirming the defendant's conviction for second degree burglary.  The court now reverses

and remands for further proceedings.

For the reasons discussed in *McCoy v. People*, 2019 CO 44, __ P.3d __, which is also

announced today, the court concludes that sufficiency of the evidence claims may be

raised for the first time on appeal and are not subject to plain error review.  Accordingly,

appellate courts should review sufficiency claims de novo (i.e., in the same manner as if

the claims were preserved), and not under a plain error standard of review, including

when the claims involve preliminary questions of statutory construction.  Because the

division reviewed the defendant's sufficiency claim for plain error and affirmed the trial

court's ruling without considering the merits of the defendant's assertion that insufficient

evidence supported his conviction for second degree burglary, the court reverses the

portion of the judgment concerning that count and remands this case with instructions that the division perform a de novo review of the defendant's sufficiency claim.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

### 2019 CO 45

---

### Supreme Court Case No. 15SC180
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA2084

---

**Petitioner:**

Bob Junior Maestas,

v.

**Respondent:**

The People of the State of Colorado.

---

**Judgment Reversed**
*en banc*
June 3, 2019

---

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Sarah A. Kellogg, Deputy Public Defender
 *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Brock J. Swanson, Assistant Attorney General
 *Denver, Colorado*

**JUSTICE GABRIEL** delivered the Opinion of the Court.
**JUSTICE SAMOUR** concurs in the judgment only and **CHIEF JUSTICE COATS** and **JUSTICE BOATRIGHT** join in the concurrence in the judgment only.

¶1     We granted certiorari to review the court of appeals division's opinion affirming Bob Maestas's conviction for second degree burglary. *People v. Maestas*, No. 11CA2084 (Colo. App. Jan. 15, 2015).[1] We now reverse and remand for further proceedings.

¶2     For the reasons discussed in *McCoy v. People*, 2019 CO 44, __ P.3d __, which we are also announcing today, we conclude that sufficiency of the evidence claims may be raised for the first time on appeal and are not subject to plain error review. Accordingly, appellate courts should review sufficiency claims de novo (i.e., in the same manner as if the claims were preserved), and not under a plain error standard of review, including when the claims involve preliminary questions of statutory construction. Because the division reviewed Maestas's sufficiency claim for plain error and affirmed the trial court's ruling without considering the merits of Maestas's assertion that insufficient evidence supported his conviction for second degree burglary, we reverse the portion of the judgment concerning that count and remand this case with instructions that the division perform a de novo review of Maestas's sufficiency claim.

---

[1] Specifically, we granted certiorari to review the following issues:

1. Whether a sufficiency of the evidence challenge that was preserved at trial by general motion for judgment of acquittal, but depends on a question of statutory interpretation raised for the first time on appeal, should be reviewed for plain error only.

2. If so, whether such review violates this petitioner's right to due process.

## I. Facts and Procedural History

¶3 The charge at issue arose after a witness spotted someone later identified as Maestas ringing the doorbell of an elderly neighbor's home and then walking around the side of the house and attempting to open the gate. The witness saw Maestas ride his bicycle away and then return a few minutes later, apparently attempting to walk around the home on the other side. The witness called 911, and the police responded.

¶4 The responding officer walked between the two homes described by the witness and saw Maestas. The officer pulled out his gun, identified himself as a police officer, and ordered Maestas to the ground. Maestas looked at the officer, froze momentarily, and then ran away. The officer gave chase, but he subsequently lost sight of Maestas and stopped chasing him. The officer called for backup support, and the police set up a perimeter in order to search for Maestas.

¶5 Shortly thereafter, a different neighbor approached one of the officers who had arrived to assist. This neighbor reported that he had heard someone try to open his front door. The officer accompanied the neighbor back to his house to look around. When they got to the neighbor's detached garage, they noticed that the padlock on the door had been broken. The officer investigated and found Maestas hiding behind a couch in the garage. Investigating officers later also discovered that the sliding glass door in the back of the elderly neighbor's house had been opened, despite the fact that she had left it closed the night before.

¶6 The prosecution charged Maestas with attempted second degree burglary for opening the door of the elderly neighbor's house and second degree burglary for

3

Maestas's entry into the garage with the intent to commit therein the crime of obstructing a peace officer.

¶7 The case proceeded to trial, and at trial, Maestas requested that the jury be instructed on the lesser non-included offense of third degree trespass. The court granted that request.

¶8 At the close of the prosecution's case, Maestas moved for a judgment of acquittal, arguing that the evidence was insufficient to convict him of either attempted second degree burglary or second degree burglary. The court denied that motion. Thereafter, at the conclusion of all of the evidence, Maestas again moved for a judgment of acquittal. The court again denied the motion.

¶9 The jury ultimately convicted Maestas of all three charges against him, and he appealed, arguing, as pertinent here, that under the plain language of the burglary statute, section 18-4-203(1), C.R.S. (2018), the crime of obstructing a peace officer is not sufficient to establish the element of "intent to commit therein a crime against another person or property." *Maestas*, slip op. at 11.

¶10 In a split unpublished opinion, the division affirmed Maestas's conviction on the burglary count. The majority concluded that although Maestas had properly challenged the sufficiency of the evidence by twice moving for a judgment of acquittal in the trial court, he did not properly preserve the precise argument that he was making on appeal. *Id.* at 13. The majority therefore concluded that the appropriate standard of review was for plain error and proceeded to review Maestas's sufficiency claim pursuant to that standard. *Id.* In conducting this review, the majority assumed without deciding that the

4

trial court had erred by permitting Maestas to be convicted of second degree burglary with the predicate offense of obstructing a peace officer. *Id.* at 14. The majority determined, however, that this error was not plain because at the time Maestas was tried, the law on the issue was unsettled and therefore any error could not have been obvious. *Id.* The majority thus affirmed Maestas's conviction without determining whether his alleged obstruction of a peace officer sufficiently supported his conviction for second degree burglary. *Id.* at 15, 21.

¶11 Judge Lichtenstein dissented. *Id.* at 22–24 (Lichtenstein, J., concurring in part and dissenting in part). In her view, a plain error analysis of a sufficiency claim like the one at issue leads to unjust results. *Id.* at 23. She stated:

> I simply cannot countenance that when, as here, a non-final judgment of conviction is fundamentally unjust, an appellate court can nonetheless decline to vacate that conviction. Maestas's second degree burglary conviction is not based on any legally cognizable crime. In my view, it is our imperative to correct his fundamentally unjust conviction and unjust incarceration.

*Id.*

¶12 Maestas then petitioned this court for certiorari review, and we granted his petition.

## II. Analysis

¶13 In *McCoy v. People*, ¶ 69, __ P.3d at __, which we are also announcing today, we conclude that appellate courts should review sufficiency of the evidence claims de novo, including when such claims are raised for the first time on appeal and when they involve preliminary questions of statutory construction. We explain that such a rule is consistent

5

with our criminal procedure rules, long-standing precedent, and the nature of sufficiency claims, including the settled principle that a conviction that is based on legally insufficient evidence cannot stand. *Id.* at ¶¶ 2, 18–33.

¶14 For those same reasons, we conclude here that the majority below erred in reviewing Maestas's sufficiency claim for plain error and in affirming his burglary conviction without reaching the merits of his contention that the evidence was not legally sufficient to support that conviction. Accordingly, we reverse the portion of the judgment upholding Maestas's second degree burglary conviction, and we remand with instructions that the division conduct a de novo review of Maestas's contention that under the plain language of the burglary statute, section 18-4-203(1), the crime of obstructing a peace officer is not sufficient to establish the element of "intent to commit therein a crime against another person or property."

¶15 In light of this disposition, we need not address Maestas's contention that the application of plain error review here violated his due process rights.

## III. Conclusion

¶16 Because the majority below erred in reviewing Maestas's sufficiency claim for plain error rather than de novo, we reverse the portion of the division's opinion upholding the judgment of conviction against Maestas for second degree burglary, and we remand this case with instructions that the division perform an appropriate de novo review of Maestas's contention that insufficient evidence supported this conviction.

**JUSTICE SAMOUR** concurs in the judgment only and **CHIEF JUSTICE COATS** and **JUSTICE BOATRIGHT** join in the concurrence in the judgment only.

JUSTICE SAMOUR, concurring in the judgment only.

¶17   I agree with the majority that we should reverse the judgment of the court of appeals.  However, I would do so for different reasons.  Therefore, I concur in the judgment only.

## I.  Standard of Review: De Novo "Versus" Plain Error

¶18   The majority frames the primary question in this appeal as a choice between two standards of review, de novo review and plain error review.  But that is a false choice because these standards apply to different inquiries and are not alternatives to each other. *See People v. Kadell*, 2017 COA 124, ¶ 46, 411 P.3d 281, 291 (J. Jones, J., concurring in part and dissenting in part).  The former is a standard used in some circumstances to determine whether there was an error, while the latter is a standard used in some circumstances to determine whether, in the event there was an error, reversal is required. *Id.*  The dispute here centers on the applicable reversal-determining standard of review.

¶19   In *Hagos v. People*, our court set forth the standards "that dictate reversal of a conviction" in criminal cases:

- structural error;
- constitutional harmless error;
- harmless error;
- claims where the effect on the conviction is constitutionally material to the claim itself;
- *plain error*; and
- cumulative error.

1

2012 CO 63, ¶¶ 8–9, 288 P.3d 116, 118–19 (emphasis added).[1] Not surprisingly, we did not include de novo review and similar standards, such as clear error and abuse of discretion, which are relevant to whether an error occurred. *See id.* These error-determining standards do not apply to reversal-determining questions. *Kadell*, ¶ 47, 411 P.3d at 291–92 (J. Jones, J., concurring in part and dissenting in part). And, unlike reversal-determining standards, they apply the same without regard to whether a claim was preserved or not. *Id.*

¶20 Properly understood, then, a "standard of review" refers to two different types of review: one which applies to error determination and the other which applies to reversal determination in the event the appellate court finds an error. *Id.* at ¶ 51, 411 P.3d at 292; *see also United States v. Minners*, 362 F. App'x 931, 937 (10th Cir. 2010) (noting that there is a difference between the test for deciding whether an error occurred and the "standard for reversal"). The following hypothetical from Judge J. Jones in *Kadell* helps illustrate the point:

> The defendant claims on appeal that the court erred in admitting hearsay testimony in violation of his rights under the Confrontation Clause. If the defendant preserved the issue, we'll decide whether any error requires reversal by applying the constitutional harmless error test. If he didn't, we'll decide that question by applying the plain error test. But in either scenario we'll determine de novo whether the trial court erred. Absent a

---

[1] We also mentioned invited error as a doctrine that governs whether an error will result in reversal of a conviction. *Hagos*, ¶ 9 n.2, 288 P.3d at 118 n.2.

finding of any error, whether the constitutional harmless error or the plain error test applies is irrelevant.

*Kadell,* ¶ 50, 411 P.3d at 292 (J. Jones, J., concurring in part and dissenting in part) (citations omitted).

¶21 It follows that the first question we must address in this appeal is whether there was an error. As the majority does, *see McCoy v. People*, 2019 CO 44, __ P.3d __ (a companion case also announced today), I would resolve the unpreserved statutory-construction argument first, and I would do so under the de novo standard of review. *See People v. Perez*, 2016 CO 12, ¶ 8, 367 P.3d 695, 697 ("We review questions of statutory interpretation de novo."). If we agree with Maestas's interpretation of section 18-4-203(1), C.R.S. (2018), meaning that the trial court erred by interpreting the statute differently, the question then is: What standard should we use to determine whether reversal is required? Should it be plain error review because Maestas failed "to make the timely assertion of a right" at the trial court? *People v. Rediger*, 2018 CO 32, ¶ 40, 416 P.3d 893, 902 (explaining that the plain error standard of review applies to forfeited claims of error—i.e., claims of error as to which the failure to make the timely assertion of a right was the result of neglect, not intent). Or is the majority correct that, since Maestas's statutory-construction contention is folded into a sufficiency claim, we should apply de novo review to determine whether reversal is required?

¶22 Before deciding which is the correct standard of reversal, I pause briefly to discuss sufficiency claims in order to place my analysis in context. When a defendant brings a typical sufficiency claim, he argues that the evidence presented at trial was insufficient to

establish one or more of the elements of the offense of which he stands convicted. *Kadell*, ¶ 53, 411 P.3d at 292–93 (J. Jones, J., concurring in part and dissenting in part). In such a case, there is no disagreement about the meaning of any of the statutory elements of the substantive crime; the only issue is whether the evidence introduced sufficed to prove each of those elements. *Id.* The inquiry is "whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of . . . guilt beyond a reasonable doubt." *People v. Sprouse*, 983 P.2d 771, 777 (Colo. 1999). In making this determination, we undertake an independent, de novo review of the record without according deference to the trial court. *Dempsey v. People*, 117 P.3d 800, 807 (Colo. 2005). So de novo review is the error-determining standard, regardless of whether the sufficiency claim was preserved.

¶23    If there was no error (i.e., there was sufficient evidence), there is obviously no need to apply a reversal-determining standard. But if there was error (i.e., there was insufficient evidence), divisions of the court of appeals are split on the applicable standard of reversal when the sufficiency claim is raised for the first time on appeal.[2] Some of the divisions have ruled that plain error review applies, while others have applied de novo review. *See McCoy*, ¶¶ 17–18. The divisions applying plain error review

---

[2] If the sufficiency claim was preserved and the appellate court finds error (i.e., insufficient evidence), the standard of reversal is constitutional harmless error because a conviction that is based on insufficient proof constitutes a due process violation. *Kadell*, ¶ 55 n.9, 411 P.3d at 293 n.9 (J. Jones, J., concurring in part and dissenting in part).

reverse if the error rises to the level of plain error under Crim. P. 52(b), while the divisions applying de novo review reverse automatically if there was error. *See id.* Today the majority holds that de novo review applies. *Id.* at ¶ 19.

¶24 Although the majority incorrectly applies an error-determining standard to a reversal-determining question, I do not see the need to pick a bone with this part of the holding. After all, I ultimately agree with the majority that if there is insufficient evidence in the record to support a conviction, justice requires that the conviction be vacated, regardless of whether the defendant preserved the sufficiency claim by making a motion for judgment of acquittal at trial on sufficiency grounds. Moreover, as Judge J. Jones acknowledged in *Kadell*, "[w]hen an unpreserved insufficiency claim is of the usual variety, review for plain error will, in the vast majority of cases, result in reversal if the evidence is insufficient." *Kadell*, ¶ 74, 411 P.3d at 298 (J. Jones, J., concurring in part and dissenting in part).

¶25 The reason I write separately today is that Maestas's unpreserved sufficiency claim is not "of the usual variety" because it is predicated on a statutory interpretation advanced for the first time on appeal. The majority nevertheless treats it like a typical sufficiency claim. This, in my view, is where the majority falters.

¶26 According to the majority, the fact that we must first address a never-before-raised, statutory-interpretation argument makes no difference to the standard of reversal applicable to the unpreserved sufficiency claim. *See* maj. op. ¶¶ 2, 13. I respectfully disagree. When a reviewing court must address an unpreserved

5

statutory-interpretation assertion before considering whether the evidence is sufficient *based on that proposed interpretation*, it should determine whether the trial court's failure to interpret the statute as urged on appeal rises to the level of plain error. Only if there is plain error should the reviewing court proceed to evaluate the sufficiency of the evidence based on the unpreserved statutory interpretation.

¶27 Thus, rather than apply an error-determining standard to a reversal-determining question, I would apply a reversal-determining standard to the reversal-determining question, and I would conclude that plain error review is the correct standard of reversal. The majority skips the reversal-determining step in the analysis and goes from the error-determining step straight into the sufficiency assertion. In other words, under the majority's analysis, we should interpret the statute de novo as a question of law and, if there was error, decide (again de novo) whether, based on the unpreserved statutory-interpretation contention, the evidence introduced at trial was sufficient to support the conviction, and if the answer is no, automatically proceed to reverse the conviction. *See* maj. op. ¶¶ 13–14; *McCoy*, ¶¶ 2–3.

¶28 I am concerned that the majority treats this situation just as if Maestas had raised his statutory-interpretation argument before the trial court, the trial court had rejected it, and he had then raised a sufficiency claim based on that rejected interpretation on appeal. Perhaps more troubling, the majority gives Maestas's proposed statutory interpretation more favorable treatment simply because he anchored it to a sufficiency claim. Had Maestas advanced a standalone unpreserved statutory-interpretation assertion (without

6

a sufficiency claim), the majority presumably would have applied plain error review, not de novo review, as the standard of reversal. *See Rediger*, ¶ 40, 416 P.3d at 902. The message, though no doubt unintentional, is clear: Find a way to attach your unpreserved claim of error to a sufficiency argument, and you will change the standard of reversal from plain error review to the more favorable de novo review.

¶29 In opting for de novo review, the majority not only conflates an error-determining standard with a reversal-determining one, it is too dismissive of the compelling reasons favoring plain error review in this kind of appeal. Rather than set forth in detail why I believe plain error is the correct standard of reversal in this specific type of situation, I find it sufficient to state my agreement with the reasoning of my learned colleagues on the court of appeals who have arrived at the same determination. *See, e.g., Kadell*, ¶¶ 46–73, 411 P.3d at 291–98 (J. Jones concurring in part and dissenting in part); *People v. McCoy*, 2015 COA 76M, ¶¶ 68–107, __ P.3d __ (Webb, J., specially concurring); *People v. Heywood*, 2014 COA 99, ¶¶ 9–15, 357 P.3d 201, 205–06; *People v. Lacallo*, 2014 COA 78, ¶¶ 5–24, 338 P.3d 442, 444–49. I could not state more articulately the rationale so eloquently expressed by my esteemed colleagues in the cited decisions.

¶30 Significantly, all of the federal circuits "apply the plain error standard to unpreserved insufficiency of the evidence claims." *Kadell*, ¶ 59, 411 P.3d at 294 (J. Jones, J., concurring in part and dissenting in part). And some of those courts frequently do so "in a quite demanding way" that requires the defendant to show "a manifest, or clear and gross, miscarriage of justice." *Id.* Additionally, a "clear majority of state appellate

courts" likewise "apply plain error review to unpreserved insufficiency claims." *Id.* at ¶ 60, 411 P.3d at 294–95. Today's decision places Colorado in the minority of jurisdictions. I would join the approach adopted by all of the federal appellate courts and the clear majority of state courts at least where, as here, the sufficiency claim rises or falls based on an unpreserved statutory-interpretation assertion.

¶31 This isn't to say that there are no valid concerns on the other side of the ledger. There are. But, as Judges Webb and J. Jones have explained, the most sound approach, and the one most faithful to the law, is to apply the plain error standard of reversal to any error by the trial court in failing to construe the statute as the defendant submits for the first time on appeal.

¶32 Maestas maintains that, even under a plain error analysis, reversal of his second-degree burglary conviction is required. In so doing, he relies in part on *Henderson v. United States*, where the U.S. Supreme Court held that plain error applies "at the time of review." 568 U.S. 266, 273–77 (2013). Consequently, an error can be "plain" even if it is not plain until the time the error is reviewed. *Id.* I agree with Maestas that we should apply *Henderson*, but I would only do so if we adopt the U.S. Supreme Court's plain error framework in its entirety—not simply the holding in *Henderson*. I explain next why I believe the time has come for us to adhere to the U.S. Supreme Court's plain-error methodology.

## II. The U.S. Supreme Court's Plain Error Framework

¶33     Crim. P. 52(b) and its federal counterpart, Fed. R. Crim. P. 52(b), address plain

error. The two rules are substantively identical:

- **Crim. P. 52(b):** Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

- **Fed. R. Crim. P. 52(b):** A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

Despite the significant similarities, though, we have historically employed a different

framework in applying our Rule 52(b) than the one the U.S. Supreme Court uses in

applying the federal rule:

- **Colorado framework:** Under Crim. P. 52(b), plain error occurs when there is (1) an error, (2) that is obvious and substantial, and (3) that so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *See Hagos*, ¶ 14, 288 P.3d at 120. In general, to be plain, Crim. P. 52(b) requires that an error "be so obvious" at the time it is made "that a trial judge should be able to avoid it without the benefit of an objection." *Scott v. People*, 2017 CO 16, ¶ 16, 390 P.3d 832, 835; *see also People v. Mendoza*, 313 P.3d 637, 641 n.4 (Colo. App. 2011) (observing that an error cannot be plain if "nothing in our statutes or previous case law would have alerted the [trial] court" to the error).

- **U.S. Supreme Court framework:** Under Fed. R. Crim. P. 52(b), plain error occurs when there is (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732–36 (1993) (describing the fourth prong as "the standard that should guide the exercise of remedial discretion," that is, the standard on which appellate courts should rely to determine when "a plain forfeited error affecting substantial rights" should be corrected). An error is deemed plain for purposes of Fed. R. Crim. P. 52(b) if it is plain at the time of appellate review. *See Henderson*, 568 U.S. at 273–77. Thus, an error can be plain pursuant to Fed. R. Crim. P. 52(b) even if it was not plain at the time it was made by the trial court.

9

¶34    Last year, in *James v. People*, we construed Crim. P. 52(a) "in conformity with the [U.S.] Supreme Court's understanding of Fed. R. Crim. P. 52(a)."  2018 CO 72, ¶ 18, 426 P.3d 336, 340.  *James* was not a first; it was the latest in a line of decisions in which we have endeavored to interpret Colorado rules so as to conform with federal courts' interpretations of similar rules.  *See Warne v. Hall*, 2016 CO 50, ¶ 12, 373 P.3d 588, 592 (rules of civil procedure); *Crumb v. People*, 230 P.3d 726, 731, 731 n.5 (Colo. 2010) (a rule of criminal procedure); *People v. Melendez*, 102 P.3d 315, 319 (Colo. 2004) (an evidence rule); *see also People v. Novotny*, 2014 CO 18, ¶ 21, 320 P.3d 1194, 1201 (explaining, with regard to the proper remedy for the erroneous denial of a challenge to the qualification of a prospective juror, that we have now largely accepted the structural error/trial error dichotomy adopted by the U.S. Supreme Court).[3]  These cases reflect our general preference to interpret Colorado rules consistent with the interpretation of their similar federal counterparts.

¶35    The time is ripe for us to get in line with the U.S. Supreme Court's plain error framework.  Given that Crim. P. 52(b) and Fed. R. Crim. P. 52(b) are substantively

---

[3] In *People v. Butcher*, a division of the court of appeals concluded that Crim. P. 52(b) is discretionary, in part because "[t]he discretionary view aligns with United States Supreme Court precedent."  2018 COA 54M, ¶ 24, __ P.3d __, *cert. granted*, *Butcher v. People*, No. 18SC494, 2019 WL 1768135 (Colo. Apr. 22, 2019) (granting certiorari, among other reasons, to consider whether the division erred in adopting the federal plain error standard).

identical, there is really no justification for refusing to follow U.S. Supreme Court precedent. Or do we think we know better and that our methodology is somehow more reliable and yields more just results?

## III. Application

¶36 Turning to the merits of Maestas's appeal, I would hold that he has demonstrated that the trial court committed plain error in failing to interpret section 18-4-203(1) as he urges. Further, I would conclude that the evidence introduced was insufficient to support a conviction based on his statutory-construction argument.

¶37 As relevant here, Maestas was convicted of second-degree burglary for knowingly breaking and entering into a detached garage "with the intent to commit therein the crime of" obstructing a peace officer. I agree with Maestas that, under the circumstances present, obstructing a peace officer cannot act as a predicate offense for the crime of second-degree burglary.

¶38 The division recognized that, *after* Maestas was tried and convicted, a different division held that obstructing a peace officer cannot act as a predicate offense for the crime of second-degree burglary under circumstances similar to those here. *See People v. Poindexter*, 2013 COA 93, ¶ 1, 338 P.3d 352, 354. However, the division below found that "the holding and applicability of that case certainly could not have been obvious to the trial court when [Maestas] was convicted." *People v. Maestas*, No. 11CA2084, slip op. at 15 (Colo. App. Jan. 15, 2015). Hence, it determined that any error by the trial court was not obvious and did not constitute plain error under Crim. P. 52(b).

11

¶39    In ruling that any error by the trial court was not plain, the division understandably applied Colorado's plain error framework, which focuses on whether the error was obvious at the time it was made. Because I would adopt the U.S. Supreme Court's plain error methodology, though, I would consider whether the trial court's error is plain now, at the time of review. *See Henderson*, 568 U.S. at 273–77. In light of the holding in *Poindexter*, and applying the U.S. Supreme Court's plain error framework, I would conclude that the trial court's error in failing to interpret the second-degree burglary statute as Maestas advocates is clear and obvious, and therefore plain. *See Olano*, 507 U.S. at 734 (the word "plain" in this context "is synonymous with 'clear' or, equivalently, 'obvious'").

¶40    I would further find that the error affects Maestas's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. After all, Maestas stands convicted of a crime that does not exist under Colorado law. One cannot commit second-degree burglary where, as here, the predicate offense alleged is based on attempting to avoid capture from the police. Thus, I would conclude that Maestas has shown that the trial court's error rises to the level of plain error.

¶41    Given the determination regarding plain error, I would address Maestas's sufficiency challenge. I would find that, based on the interpretation of section 18-4-203(1) advanced by Maestas on appeal, the evidence admitted was not sufficient to support a conviction for second-degree burglary.

12

¶42    Accordingly, like the majority, I would reverse the judgment of the court of appeals.  However, I would do so on different grounds.  For this reason, I concur in the judgment only.

I am authorized to state that CHIEF JUSTICE COATS and JUSTICE BOATRIGHT join in this concurrence in the judgment only.