The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 31, 2025

## 2025COA98

**No. 23CA1371, *People v. Garcia* — Criminal Law — Appeals — Sufficiency of the Evidence — Waiver**

A division of the court of appeals concludes for the first time in a published opinion that when defense counsel tells the jury to find the defendant guilty of one of the charged offenses during closing argument, the defendant waives the ability to claim on appeal that there was insufficient evidence to support a conviction for that offense.

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1371
City and County of Denver District Court No. 19CR4659
Honorable Alex C. Myers, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Anthony Garcia,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE TOW
Lum and Graham*, JJ., concur

Announced December 31, 2025

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

William Holzer, Alternate Defense Counsel, Littleton, Colorado, for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Anthony Garcia, appeals the judgment of conviction entered on a jury verdict finding him guilty of resisting arrest.  We conclude — for the first time in a published appellate case in Colorado — that when defense counsel tells the jury to find the defendant guilty of one of the charged offenses during closing argument, the defendant has waived the ability to claim on appeal that there was insufficient evidence to support a conviction for that offense.  And because the only claim asserted on appeal was waived, we affirm.

## I.     Background

¶ 2     At trial, the prosecution presented evidence from which the jury could make the following findings.

¶ 3     The police suspected Garcia had been involved in a shooting they were investigating.  While surveilling him, they saw him get into the passenger seat of a car, and the car drove away.  They tried to pull the car over, but Garcia yelled at the driver to keep going.  When the car eventually stopped, Garcia jumped out and ran.  The police followed him and yelled at him to "get down."  Garcia kept running and got into a truck through the driver's side door.

¶ 4     Officers opened the driver's side door and a "struggle" ensued. Officers were able to open the passenger side door and pull Garcia out of the truck. An officer testified that Garcia would not comply when they were attempting to arrest him and that he "turtled up," meaning he put his hands underneath him and rolled into a ball to prevent officers from gaining control of his hands. Officers eventually arrested Garcia, and he was charged with and tried for resisting arrest.

¶ 5     Garcia was also charged with attempted first degree murder, first degree assault, and tampering with physical evidence. The jury acquitted him of the first two charges but convicted him of the tampering charge — a class 5 felony — which conviction he does not challenge on appeal. He received a one-year prison sentence on the felony and a six-month jail sentence for resisting arrest, to be served concurrently with each other and with a five-year prison sentence he received the same day in a separate case.

¶ 6     During opening statement, defense counsel said, "Garcia is guilty of [r]esisting [a]rrest, absolutely." At trial, the jury viewed a body camera video from one of the arresting officers showing the altercation in the truck and Garcia's subsequent arrest. Then

2

during closing arguments, defense counsel argued to the jury that there was no evidence that Garcia committed the attempted homicide. But defense counsel told the jury, "[a]s I told you in opening statement, resisting arrest, 100 percent. But he ran, he knows that. He ran, tried his best to get away. Obviously, it didn't work out. Resisting arrest, go back, first box you check, guilty. Okay." The jury did just that, finding Garcia guilty of resisting arrest.

¶ 7    On appeal, Garcia's sole contention is that the People failed to introduce sufficient evidence that he resisted arrest — in particular, that there was no evidence that Garcia used physical force or violence, which is an element of the offense. We conclude, however, that Garcia waived any challenge to the sufficiency of the evidence when his counsel conceded his guilt on that charge in closing argument.

## II.    Preservation and Standard of Review

¶ 8    The People did not initially assert that counsel's actions waived Garcia's appellate claim. Nevertheless, we have "an independent, affirmative duty to determine whether a claim is preserved and what standard of review should apply, regardless of

3

the positions taken by the parties." *Forgette v. People*, 2023 CO 4, ¶ 15 (quoting *People v. Tallent*, 2021 CO 68, ¶ 11). This obligation extends to a determination of whether a defendant waived their appellate claim. *Id.* To assist us in discharging our obligation, we ordered the parties to file supplemental briefs on the issue.

¶ 9 Waiver is "the *intentional* relinquishment of a *known* right or privilege." *People v. Rediger*, 2018 CO 32, ¶ 39 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Phillips v. People*, 2019 CO 72, ¶ 16 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). We review de novo whether a waiver occurred. *Forgette*, ¶ 12.

### III. Sufficiency of the Evidence Claims Are Waivable

¶ 10 When a defendant challenges the sufficiency of the evidence, they are "asserting that the prosecution has not proven every fact necessary to establish the crime at issue, and thus, it has not established that the defendant, in fact, committed a crime." *McCoy*

4

*v. People*, 2019 CO 44, ¶ 20. "[A] defendant effectively challenges the sufficiency of the evidence presented at trial by contesting that evidence at the trial," and no other form of objection directed at the evidence as a whole is required. *Id.* at ¶ 22. Thus, the supreme court held that sufficiency of the evidence claims may be raised for the first time on appeal and are reviewed de novo. *Id.* at ¶ 27.

¶ 11     But the supreme court did not have occasion in *McCoy*, or apparently since, to address whether a sufficiency of the evidence claim can be waived.

¶ 12     Initially, we recognize that in *McCoy*, the supreme court cited, with apparent approval, *Haskell v. State*, 2018 WY 85, ¶ 27, for the proposition that the Wyoming Supreme Court "does not apply waiver to a claim that the evidence was legally insufficient to support the defendant's conviction because the proposition that a defendant's guilt must be established by competent evidence proving each element of the crime at issue invokes a fundamental right." *McCoy*, ¶ 24. But *Haskell* did not involve a waiver in the sense that is at issue here, as, in that case, there was no claim that counsel took any affirmative step that amounted to an "*intentional relinquishment of a known* right." *Rediger*, ¶ 39 (quoting *Donahue*,

5

690 P.2d at 247).  Rather, *Haskell* presented a run-of-the-mill failure to preserve a claim where the defendant pursued an argument on appeal that he had not raised in the trial court. *Haskell*, ¶ 26.

¶ 13     Moreover, the *Haskell* court drew the language about "not apply[ing] *waiver*," *id.* at ¶ 27 (emphasis added), in this context from an earlier case, *Thompson v. State*, 2018 WY 3, ¶ 25.  That case, like *Haskell*, simply involved a defendant's challenge to the sufficiency of the evidence on a basis not asserted at trial.  *Id.* Thus, notwithstanding the use of the word "waiver," *Haskell* merely stands for the proposition that a sufficiency claim may be raised for the first time on appeal.  We do not view our supreme court's endorsement of *Haskell*, therefore, as a suggestion that a sufficiency of the evidence claim cannot be waived.

¶ 14     And we see nothing in our waiver jurisprudence to suggest that it cannot and, perhaps more importantly, much to suggest that it can.

¶ 15     We acknowledge, as we must, that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime

with which he is charged." *McCoy*, ¶ 20 (quoting *In re Winship*, 397 U.S. 358, 364 (1970)).  But the mere fact that a defendant's due process right is involved does not immunize from waiver an appellate claim that such a right was violated.  *See, e.g., People v. Carter*, 2021 COA 29, ¶ 25 (concluding that the defendant waived his due process claim arising from a constructive amendment).

¶ 16    Indeed, even a structural error — i.e., an error that so interferes with the fundamental fairness of the trial process itself that reversal is mandated without a showing of prejudice, *see People v. Lopez*, 2024 CO 50, ¶ 3 — can be waived.  *Stackhouse v. People*, 2015 CO 48, ¶ 8.  In *Stackhouse*, defense counsel failed to object to a known court closure.  *Id.* at ¶ 2.  Our supreme court held that "even fundamental rights can be waived, regardless of whether the deprivation thereof would otherwise constitute structural error."  *Id.* at ¶ 8.  In addition to *Stackhouse*, our supreme court has found waiver of such structural errors on other occasions as well.  *See People v. Garcia*, 2024 CO 41M, ¶ 54 (the defendant's lack of objection waived claim that the judge presiding over his trial was biased because she was counsel of record in the case before she was appointed to the bench); *Richardson v. People*,

2020 CO 46, ¶ 28 (the defendant waived claim that trial judge's spouse having sat on the jury meant that his jury had a biased juror).

¶ 17    True, a conviction based on insufficient evidence is not a structural error.  "A claim of insufficiency of the evidence doesn't challenge the 'framework' of the trial or even the process by which guilt is decided."  *People v. Kadell*, 2017 COA 124, ¶ 57 (J. Jones, J., concurring in part and dissenting in part).  Though our supreme court has not clearly established the standard of reversal for a sufficiency claim, it has been suggested that if "the appellate court finds error (i.e., insufficient evidence), the standard of reversal is constitutional harmless error."  *Maestas v. People*, 2019 CO 45, ¶ 23 n.2 (Samour, J., joined by Coats and Boatright, JJ., concurring in the judgment).[1]  Nevertheless, if even structural error can be

---

[1] The majority concluded only that the court of appeals division erred by applying the plain error standard of reversal and remanded "with instructions that the division perform an appropriate de novo review of Maestas's contention that insufficient evidence supported this conviction."  *Maestas v. People*, 2019 CO 45, ¶ 16.  The majority did not address Justice Samour's observation regarding the application of constitutional harmless error review.

waived, we see no reason why a sufficiency of the evidence claim cannot be.

¶ 18     Of course, the supreme court did say in *Maestas* that "a conviction that is based on legally insufficient evidence cannot stand." *Id.* at ¶ 13 (majority opinion).  Notwithstanding this broad statement of a general principle (with which we take no issue), our supreme court and other divisions of this court have found that defendants waived appellate claims of this type on numerous occasions.  Perhaps most fundamentally, it is beyond dispute that by entering a guilty plea, a defendant waives his right to insist that the prosecution establish his guilt beyond a reasonable doubt.  *See, e.g.*, *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001).  But that is not the only scenario in which a defendant has been found to have waived an appellate challenge to the sufficiency of the evidence supporting the conviction.

¶ 19     In *Medina v. People*, 2023 CO 46, the defendant had entered what is known as an *Alford* plea — a process approved by the United States Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 39 (1970), in which a defendant enters a guilty plea despite maintaining his innocence.  The United States Supreme Court held

that such a plea does not violate due process provided "the record before the judge contains strong evidence of actual guilt." *Id.* at 37. But, in *Medina,* our supreme court rejected the defendant's claim that an *Alford* plea violates due process if the defendant is permitted to waive the establishment of the factual basis for the offense. Such a waiver, the defendant argued, prevents the record from containing the "strong evidence of actual guilt" the United States Supreme Court insisted on in *Alford. Medina,* ¶ 29. Instead, our supreme court held that a defendant can waive the establishment of the factual basis entirely. *Id.* at ¶ 40.

¶ 20    In *Montoya v. People*, 2017 CO 40, the defendant was charged with attempted extreme indifference murder, reckless manslaughter, and criminally negligent homicide after he and his cousin each fired several shots in the direction of a group of people. *Id.* at ¶ 1. At the request of the defendant's counsel, the jury was also instructed on the lesser nonincluded offense of accessory to crime. *Id.* at ¶ 6. On appeal, the defendant sought to challenge the sufficiency of the evidence supporting his conviction for accessory. *Id.* at ¶ 31. The supreme court held that the defendant was "effectively estopped" from asserting this claim on appeal because

he had "expressly made the tactical choice to request that the charge of accessory to crime be added to the existing charges against him and submitted to the jury . . . in the hope that the jury would convict him of that lesser offense in lieu of the homicide itself." *Id.* The court further held, "A criminal defendant's due process right to insist that there be substantial evidence supporting a conviction is therefore not violated by forbidding him from taking a position on appeal contrary to the one he successfully urged upon the trial court." *Id.* at ¶ 36.

¶ 21 Thus, existing precedent makes clear that a defendant can waive the right to have the prosecution prove guilt beyond a reasonable doubt.

¶ 22 Further, this right may be waived by defense counsel. Defense counsel is permitted to concede a defendant's guilt as part of their trial strategy, at least where the defendant does not expressly object to that concession.[2] *See People v. Cuevas*, 2024 COA 84, ¶¶ 18, 32.

¶ 23 That is what happened here. Defense counsel expressly told the jury to find Garcia guilty on the resisting arrest charge in

---

[2] The record does not reflect any such objection from Garcia.

11

closing argument. *See Rediger*, ¶ 39. This is akin to defense counsel stating that there was sufficient evidence to convict Garcia of resisting arrest. *See Montoya*, ¶ 36.

¶ 24 And this was likely a strategic decision: concede Garcia's guilt as to the misdemeanor offense but contest it on the felony offenses. Indeed, defense counsel signaled this strategy as early as his opening statement.[3]

¶ 25 Accordingly, we conclude that Garcia's defense counsel waived any argument that there was insufficient evidence of resisting arrest, and we will not consider it. *See Rediger*, ¶ 40 ("[W]aiver extinguishes error, and therefore appellate review . . . ."). And because there is no other appellate claim before us, we affirm the judgment.

---

[3] We do not suggest that defense counsel's similar concession during his opening statement would alone amount to waiver. At that point, counsel was only discussing the evidence that he reasonably anticipated would be presented. If, in fact, the prosecution had not presented such evidence, counsel would have been free to pivot. (Notably, he did not.) We mention counsel's comment during opening statement because it reflects that conceding guilt on the misdemeanor charge was a strategic gambit rather than an oversight.

## IV. Disposition

¶ 26 The judgment of conviction is affirmed.

JUDGE LUM and JUDGE GRAHAM concur.