Aggravated Driving After Revocation Prohibited,Driving Under the Influence,Driving Under Restraint,Driving After Revocation Prohibited,Driving While Ability Impaired,Lesser Included Offense,Merger,Double Jeopardy,Motion to Suppress,Illegal Arrest,Miranda,Fifth Amendment.
Defendant was charged with aggravated driving after revocation prohibited (ADARP), driving under the influence (DUI), and driving under restraint (DUR). During a first trial, the jury was instructed on the elements of driving after revocation prohibited (DARP) and given a special interrogatory verdict form on the ADARP charge. The jury returned guilty verdicts on DARP and DUR, but hung on the DUI charge, and thus did not complete the ADARP special interrogatory. Defendant was retried in a two-phase trial. In the first phase, the jury returned a guilty verdict on driving while ability impaired (DWAI), a lesser included offense of DUI. In the second phase, the jury completed a special interrogatory finding that the prosecution had proved the ADARP charge. The trial court entered convictions for ADARP, DUR, and DWAI.
On appeal, defendant contended that he was unconstitutionally tried twice for the same offense when he was retried on the ADARP charge after the first jury had convicted him of DARP. Here, defendant was effectively tried for DARP twice and he was not properly tried for ADARP. Thus, under the circumstances of this case, defendant was unconstitutionally tried twice for the same offense. This error was obvious and substantial and significantly undermined the reliability of defendant’s ADARP conviction. 
Defendant also argued that the trial court plainly erred in entering convictions for DUR and DARP because those convictions should have merged. DUR is a lesser included offense of DARP. Thus, the trial court erred in entering both convictions. However, because the relevant law in this area has undergone significant recent change, the error here was not plain because it was not obvious. The trial court did not plainly err in entering the DUR and DARP convictions.
Defendant further contended that the trial court erred in denying his motion to suppress statements he made after being detained. He argued that his statements resulted from an unlawful detention and were taken in violation of his Miranda rights. Here, although the officer found defendant compliant and “very easy to get along with,” he handcuffed him at gunpoint and placed him in the back of the patrol car. Defendant thereafter was removed from the patrol car, his handcuffs were removed, and he was read his Miranda rights and voluntarily waived them. Although defendant was unconstitutionally arrested, the statements were admissible because they were sufficiently attenuated from the unlawful arrest. 
The judgment of conviction for DWAI and DUR was affirmed, the conviction for ADARP was vacated, and the case was remanded for the trial court to reinstate the DARP conviction and correct the mittimus.