Submitted June 4, reversed and remanded July 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID RAY HORNER,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR18051; A172285

494 P3d 373

Angel Lopez, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant appeals a conviction of felon in possession of a restricted weapon, ORS 166.270(2), following a conditional guilty plea. On appeal, defendant assigns error to the trial court's denial of his motion to suppress a dagger and inculpating statements made after a warrantless search during a traffic stop. The state concedes that there was insufficient evidence adduced during the suppression hearing to establish the reasonable suspicion required to support a traffic stop under the Fourth Amendment.[1] For the reasons expressed below, we accept the state's concession.

At the suppression hearing, the state presented only the testimony of Li, the officer who arrested defendant. Defendant was a passenger in a car that was stopped by a different officer, Currier, for traffic violations. Li—one of seven officers responding to the traffic stop—did not know why the original traffic stop occurred and testified that she "responded to cover [Currier] *** on that traffic stop." Currier did not testify at the suppression hearing. As a result, the record is devoid of sufficient facts to support a conclusion that Currier had objective, reasonable suspicion to stop the car in which defendant was a passenger.[2] *See Arizona v. Johnson*, 555 US 323, 333, 129 S Ct 781, 172 L Ed 2d 694 (2009) (a traffic stop is a temporary seizure of the driver and passengers); *State v. Sexton*, 278 Or App 1, 9, 378 P3d 83 (2016) (under Fourth Amendment, in cases involving passengers in vehicles stopped for traffic infractions, court must initially determine whether reasonable suspicion justified the traffic stop). It follows that defendant, as a passenger of the stopped car, was seized under the Fourth Amendment. It also follows that, since Li failed to articulate facts sufficient to establish reasonable suspicion for the traffic stop, evidence obtained as a result of the stop must be

_____

[1] Defendant also makes arguments under Article I, section 9, of the Oregon Constitution, but we need not address those arguments in light of the state's concession.

[2] While Li did testify that she knew what the driver was cited for, that knowledge gained after the fact is not sufficient to support reasonable suspicion. *See, e.g.*, *United States v. Ramirez*, 473 F3d 1026, 1037 (9th Cir 2007) ("Where one officer knows facts constituting reasonable suspicion *** [and] communicates an appropriate order or request, another officer may conduct a warrantless stop, search, or arrest without violating the Fourth Amendment.").

suppressed. *Sexton*, 278 Or App at 10; *see also United States v. Lopez-Soto*, 205 F3d 1101, 1104-06 (9th Cir 2000) (holding that the reasonable suspicion standard applies to traffic stops under the Fourth Amendment and determining that evidence obtained in violation thereof must be suppressed).

Reversed and remanded.