24CA2110 Peo v Castleberry 04-16-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2110
Alamosa County District Court No. 23CR267
Honorable Crista Newmyer-Olsen, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joleen Eleathe Castleberry,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

Philip J. Weiser, Attorney General, Jacey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Robert W. Kiesnowski, Jr., Alternate Defense Counsel, Florissant, Colorado, for Defendant-Appellant

¶ 1    Defendant, Joleen Eleathe Castleberry, appeals the judgment of conviction entered on a jury verdict finding her guilty of second degree burglary and harassment.  We affirm.

## I.    Background

¶ 2    The jury heard evidence that would support the following findings.

¶ 3    Darbara Funk was the landlord of a property with multiple apartment units.  Darbara's ex-brother-in-law, Bradley Bennett, occupied one unit.[1]  Bradley's son, Keegan Bennett, occupied another unit with the son's wife and child.

¶ 4    One afternoon, Darbara, accompanied by four other people — Castleberry and Amber Bickett (Darbara's daughters), Joe Funk (Castleberry's father), and Dennis Medina (Castleberry's boyfriend) — confronted the Bennetts outside the property.  Bradley attempted to retreat into his apartment.  But Castleberry pushed him from behind and entered the apartment with him.  Medina and

---

[1] Because several of the parties involved in this incident share the same last name, we will refer to those parties by their first name when necessary to avoid confusion, intending no disrespect.

1

Bickett followed closely behind and some combination of the three of them assaulted Bradley.

¶ 5 Keegan eventually made his way inside the apartment, where he and Castleberry engaged in a physical altercation. Keegan's wife called the police, and Officer Seth Hoffman and Officer Sylvia Moreno responded to the scene. The officers interviewed the parties involved but made no arrests at the scene.

¶ 6 The prosecution charged Castleberry with second degree burglary, third degree assault, and harassment. A jury convicted Castleberry on the burglary and harassment charges but acquitted her on the assault charge. The court sentenced Castleberry to four years in the custody of the Department of Corrections for the burglary conviction and a concurrent ninety-day jail sentence for harassment.

## II.  Plain Error

¶ 7 Castleberry argues that the trial court plainly erred when it (1) admitted prior bad acts character evidence and (2) failed to provide a limiting jury instruction. We discern no reversible error.

## A. Standard of Review and Applicable Law

¶ 8 We review a trial court's evidentiary rulings for an abuse of discretion. *People v. Clark*, 2015 COA 44, ¶ 14. A trial court abuses its discretion when it misapplies the law or its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Sims*, 2019 COA 66, ¶ 44.

¶ 9 When a defendant failed to contemporaneously object to the admission of the evidence, we will reverse only if any error was plain. *People v. Conyac*, 2014 COA 8M, ¶ 79. A plain error is one that is obvious and substantial. *Hagos v. People*, 2012 CO 63, ¶ 18. "For an error to be this obvious, the action challenged on appeal ordinarily 'must contravene (1) a clear statutory command; (2) a well-settled legal principle; or (3) Colorado case law.'" *People v. Wambolt*, 2018 COA 88, ¶ 70 (quoting *Scott v. People*, 2017 CO 16, ¶ 16). "We have recognized plain error as those errors that 'so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.'" *Hagos*, ¶ 18 (quoting *Wilson v. People*, 743 P.2d 415, 420 (Colo. 1987)).

## B.    Any Error Was Not Plain

¶ 10    Castleberry argues that the trial court plainly erred when it allowed (1) Officer Hoffman to testify about previous calls made to the property in the month leading up to the incident and (2) Bradley and Darbara to testify about restraining orders that existed between members of their families.[2]  Specifically, she contends that this testimony constituted prior acts evidence under CRE 404(b).  And based on that, she argues that the prosecution failed to provide reasonable notice of its intent to use prior bad acts as required by CRE 404(b)(3) and that the evidence did not meet the *Spoto* test established for the admission of such evidence.  *See People v. Spoto*, 795 P.2d 1314, 1318 (Colo. 1990).

¶ 11    Evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that the person acted in

---

[2] We note that the People contend that defense counsel invited any error by addressing the prior calls and restraining orders on cross-examination with different witnesses.  *See People v. Rediger*, 2018 CO 32, ¶ 34.  We acknowledge this is a close call, as it is possible the defense counsel's strategy was to demonstrate the prosecution witnesses' bias by informing the jury of the long history of conflict between the two groups.  But because the first mention of the subject was during a somewhat nonresponsive answer to the prosecutor's question of the first witness, we decline to treat the error as invited.

conformity with that character on a particular occasion. CRE 404(b).

¶ 12    On direct examination, Officer Hoffman testified that "[i]n the month of October, before [the incident], [they] had 17 calls for service" at the property, involving the same people. And on direct examination, the prosecution asked Bradley whether Darbara and her family, "at some point, use[d] the courts to evict [him] out of [the property]?" Bradley stated, "They did and they even had restraining orders on us." Later in the proceedings, Darbara testified that she "had gotten restraining orders" before the incident.

¶ 13    Notably, none of these statements directly implicated Castleberry. While Officer Hoffman testified that the incident involved "the same parties and all the same people" as the previous calls, Castleberry was not identified as a participant in the prior incidents. And Castleberry acknowledges as much in her own brief when she states that "no witness testified on direct examination that [she] was involved in any of the 17 prior calls to law enforcement." Similarly, neither Bradley nor Darbara indicated that Castleberry was a party to the restraining orders. And again, Castleberry acknowledges this in her brief, noting that "no witness

5

expressly testified on direct examination that there was a restraining order against Castleberry, who did not even reside at the apartments."

¶ 14     "If evidence doesn't implicate the defendant's character, Rule 404(b) doesn't govern its admissibility."  *Rojas v. People*, 2022 CO 8, ¶ 43.  Because the testimony did not unequivocally reflect that the previous calls to the property or the restraining orders directly involved Castleberry, and thus did not clearly implicate CRE 404(b), we cannot say any error in permitting the testimony was obvious.  *See Wambolt*, ¶ 70.  (Moreover, the possibility that defense counsel strategically wanted this information before the jury to demonstrate bias on the part of the prosecution witnesses also dictates against concluding that any error in admitting this evidence was obvious.)

¶ 15     Castleberry also contends the trial court should have provided the jury with a limiting instruction explaining the purpose for which it could consider the prior acts evidence under CRE 404(b).  Once again, because this evidence did not obviously implicate CRE 404(b), any need for a limiting instruction was also not obvious.  *See Wambolt*, ¶ 70.  (We also note that Castleberry did not request any limiting instruction.  And "[u]nless a limiting instruction is

either required by statute or requested by a party, a trial court has no duty to provide one sua sponte." *Davis v. People*, 2013 CO 57, ¶ 21.)

¶ 16    Because any error was not obvious, it cannot have been plain. *See Hagos*, ¶ 18.  Thus, we discern no basis for reversal.

### III.    Cumulative Error

¶ 17    Castleberry also argues that any errors cumulatively prejudiced her.  But the gist of her argument is that *either* the evidence should not have been admitted *or* the court should have provided a limiting instruction.  These two claims of error are alternative, not cumulative.  Thus, Castleberry's cumulative error claim is misplaced.

### IV.    Disposition

¶ 18    The judgment is affirmed.

JUDGE WELLING and JUDGE LIPINSKY concur.